CITY OF FINDLAY, Appellee,

v.

COY, Appellant.

[Cite as *Findlay v. Coy* (1991), 76 Ohio App.3d 189.]

Court of Appeals of Ohio,
Hancock County.

No. 5–91–14.

Decided Nov. 5, 1991.

190

*David A. Hackenberg,* Director of Law, and *Robert A. Beutler, Jr.,* Assistant Prosecuting Attorney, for appellee.

*Karen E. Elliott,* for appellant.

---

SHAW, Judge.

This is an appeal from a judgment and sentence of the Findlay Municipal Court, following a trial to the court, in which defendant-appellant Daniel C. Coy ("defendant") was convicted of falsification with purpose to secure payment of unemployment compensation in violation of Findlay Ordinance 136.02(A)(4).

Defendant asserts five assignments of error. For the reasons that follow we overrule the assignments of error and affirm the judgment and sentence of the trial court.

In his first assignment, defendant argues that the trial court erroneously permitted the city of Findlay and the Ohio Bureau of Employment Services ("OBES") to use application forms and other information, supplied to the bureau by defendant as a benefits claimant, against him in the falsification trial, in direct violation of R.C. 4141.21. R.C. 4141.21 is captioned, "[i]nformation furnished administrator not open to public" and provides in pertinent part as follows:

"Except as provided in sections 4141.16, 4141.161, 4141.162, 4141.163 and 4141.164 of the Revised Code and subject to section 4141.43 of the Revised Code, the information furnished to the administrator of the bureau of employment services by employers or employees pursuant to this chapter is for the exclusive use and information of the bureau of employment services in the discharge of its duties and shall not be open to the public or be used in any

court in any action or proceeding pending therein, or be admissible in evidence in any action, other than one arising under such sections.  * * * "

The prosecution of this case arose from a benefits determination form, filled out by defendant as a claimant, in which he marked a box entitled "NO" in response to a question concerning any other employment during a benefit period in February 1989.   Contrary to the response on his form, it was discovered the defendant had been employed for approximately two days during this period.   Evidence at the criminal trial furnished by OBES included, *inter alia*, the benefits form, canceled benefits check, and testimony of the OBES officer who investigated the incident.

Defendant was convicted of falsification in violation of Findlay Ordinance 136.02(A)(4), which provides specifically that, "[n]o person shall * * * knowingly make [an unsworn] false statement * * * with purpose to secure the payment of * * * unemployment compensation * * *."   Findlay Ordinance 136.02(A)(4) is virtually identical to the statutory offense of falsification set forth in R.C. 2921.13(A)(4), which also specifically refers to false statements made " * * * with purpose to secure the payment of * * * unemployment compensation * * *."

Interpretation of R.C. 4141.21 as defendant suggests, would effectively preclude criminal prosecution of any claimant for falsely or fraudulently obtaining unemployment benefits.   Yet the legislature, in R.C. 2921.13(A)(4), has clearly specified its intent that such offenses be prosecuted criminally, apart from the purely administrative sanctions of R.C. Chapter 4141.   We are unwilling to infer a legislative intent from the language of R.C. 4141.21 which would defeat the express and more specific statutory provisions of R.C. 2921.13(A)(4).

Accordingly, we hold that the prohibitions of R.C. 4141.21 do not preclude the use of information obtained from an OBES claimant in a criminal prosecution of that claimant for obtaining unemployment benefits by means of falsification in violation of Findlay Ordinance 163.02(A)(4) or R.C. 2921.-13(A)(4).[1]   On the contrary, we conclude that the furnishing of such information by OBES to city and county prosecutors for purposes of prosecuting claimants for these specific offenses is entirely consistent with the proper "discharge of duties" of the OBES as prescribed in R.C. 4141.21 and 4141.22, as well as the "powers of the administrator" to "[m]ake such investigations, secure and transmit such information * * * as he deems necessary or appro-

---

1.   As a result of our disposition of the fifth assignment of error below, we would extend our holding to include, as well, the offense of theft by deception in violation of R.C. 2913.-02(A)(3).

priate to facilitate the administration of the unemployment compensation law *.* * *" set forth under R.C. 4141.13(R).[2]

In his fifth assignment of error, defendant argues, in essence, that the trial court was without statutory authority to order restitution in conjunction with a charge of falsification. As a secondary argument under this assignment of error, the defendant claims that even if such restitution is permitted, the amount of restitution ordered in this case was excessive.

Defendant's primary argument is based upon the following language of R.C. 2929.21(E) governing misdemeanor penalties:

"The court may require a person who is convicted of or pleads guilty to a misdemeanor to make restitution for all or part of the property damage that is caused by his offense and for all or part of the value of the property that is the subject of any theft offense, as defined in division (K) of section 2913.01 of the Revised Code, that the person committed. * * * "

Specifically, it is defendant's contention that unemployment benefits obtained as a result of "falsification" constitute neither "property damage" nor "property that is the subject of any *theft offense*" as required under R.C. 2929.21(E). We disagree.

Theft offenses are defined by statute in R.C. 2913.01(K)(1), (K)(2) and (K)(3). Defendant correctly asserts that the offense of falsification is not listed as a theft offense under R.C. 2913.01(K)(1). However, R.C. 2913.01(K)(2) also defines a theft offense as "[a] violation of an existing * * * municipal ordinance or law of this * * * state * * * substantially equivalent to any section listed in division (K)(1) of this section. R.C. 2913.01(K)(3) further describes a theft offense as "[a]n offense under an existing * * * municipal ordinance or law of this * * * state * * * involving * * * theft, * * * wrongful conversion, * * * deceit, or fraud."

R.C. 2913.02(A)(3), known as theft by deception, clearly constitutes a listed theft offense under R.C. 2913.01(K)(1) and states as follows:

"No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services * * * by deception."

"Deception" is statutorily defined in R.C. 2913.01(A) as, *inter alia,* " * * * knowingly deceiving another or causing another to be deceived by any false or

---

**2.** We also note in passing that our holding would appear to be consistent with the excepted sections of R.C. Chapter 4141 set forth at the beginning of R.C. 4141.21 which clearly provide for the furnishing of OBES information to numerous other governmental agencies for a variety of unrelated "enforcement" actions. These include the Department of Human Services, Food Stamp Agency, ADC, Medicaid and the Internal Revenue Service.

misleading representation * * *." R.C. 2913.01(B) defines the meaning of "defraud," in pertinent part, as " * * * to knowingly obtain, by deception, some benefit for oneself or another * * *."

The falsification complaint filed in this case under Findlay Ordinance 136.02(A)(4) alleges that the defendant " * * * did unlawfully and knowingly make an unsworn false statement with purpose to secure the payment of unemployment compensation." In short, the defendant herein was charged with obtaining the property of another, i.e. unemployment benefits to which he was not entitled, by means of deception, i.e., a false or misleading representation.

■ Based on our comparison of these statutes, it is our conclusion that pursuant to R.C. 2913.01(K)(2) and (K)(3), the offense of falsification, as charged in this case, is clearly "substantially equivalent" to the listed theft offense of theft by deception (R.C. 2913.02[A][3]) and is further "an offense * * * involving * * * theft, * * * wrongful conversion, * * * deceit, or fraud." Accordingly, we hold that the offense of falsification as set forth in Findlay Ordinance 136.02(A)(4) and R.C. 2921.13(A)(4) is a theft offense as defined in R.C. 2913.01(K). Therefore, in sentencing a defendant for falsification in violation of those sections, the trial court may, under the provisions of R.C. 2929.21(E), properly require the defendant to make restitution for all or part of the value of the property obtained by means of such falsification.

Notwithstanding the propriety of the restitution order, the question remains as to the amount of restitution ordered in this case. The record at trial established that as a result of the false statement submitted by the defendant to OBES he received a single check in the amount of $330 representing, in essence, two weeks of benefits in the amount of $165 per week. The trial court ordered the defendant to make restitution to OBES in the full amount of $330.

It was uncontroverted at trial that had the defendant accurately advised OBES as to his employment status for this period, he would have been entitled to a check in the amount of $324. Accordingly, the defendant argues that any restitution should have been limited to $6 as the only amount to be properly "restored" to OBES.

There is, of course, a certain logic to defendant's argument on this issue. However, we note with interest the provisions of R.C. 4141.35(A)(1), (A)(2) and (A)(3), which empower OBES in such cases as the one before us to withhold or cancel the entire amount of weekly claims, any part of which was obtained by fraud, as well as cancel two additional weeks of benefits as a penalty for each such instance.

■ We are in agreement with the principles set forth in *State v. Williams* (1986), 34 Ohio App.3d 33, 516 N.E.2d 1270, that generally, the right to order restitution is limited to the actual damage or loss caused by the offense of which a defendant is convicted; that the amount of restitution claimed must be established to a reasonable degree of certainty; and that the amount of restitution must bear a reasonable relationship to the actual loss suffered. However, in this case, we are not convinced that the trial court abused its discretion in choosing to order repayment of the entire amount of the benefit check which was determined to have been obtained as a result of the false statement.

First of all, we are not inclined to restrict the trial court from doing something which OBES would be entitled to do for the same violation. Secondly, we are concerned that any other ruling would, in effect, place a great burden upon both party defrauded and the trial court in similar cases of defrauding a public agency to trace to the penny only that specific portion of the loss supposedly attributable to the offense.

For these reasons, we believe the restitution ordered in this case bears a reasonable relationship to the actual loss suffered and, accordingly, does not constitute an abuse of discretion. See *State v. Williams, supra.*

■ In his second, third and fourth assignments of error, defendant argues that the trial court's finding of guilt was against the weight of the evidence with respect to several specific elements of falsification. In *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, the Ohio Supreme Court held at paragraph two of the syllabus:

" * * * The relevant inquiry [for an appellate court] is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. * * * "

Upon review of the trial transcript and considering, in particular the prerogative of the trial court as trier of fact to weigh the credibility of the witnesses, we find there is sufficient evidence going to each element of the offense of falsification upon which a rational trier of fact could have found the crime proven beyond a reasonable doubt. Accordingly, we do not find the conviction to be against the weight of the evidence.

For the foregoing reasons, the five assignments of error are overruled and the judgment and sentence of the trial court are affirmed.

*Judgment affirmed.*

THOMAS F. BRYANT, P.J., and EVANS, J., concur.