OPINION
Defendant-appellant, Cheryl Winemiller, appeals from the restitution order of the Shelby County Court of Common Pleas.
Defendant was indicted by the Shelby County Grand Jury for one count of aggravated theft of property of a value over one hundred thousand dollars, in violation of R.C. 2913.02, a felony of the third degree. On June 25, 1998, defendant entered a plea of guilty to the reduced offense of theft, a felony of the fifth degree which assumes property value from $500 to $5,000. The trial court sentenced defendant on the offense and also ordered restitution in the amount of $103,535.27 after a hearing was held on the matter. Defendant now appeals that order of restitution. For her sole assignment of error, defendant asserts:
 The trial court's imposition of $103,535.27 restitution constituted plain error.
Defendant contends that the amount of restitution ordered in this case is not supported by competent, credible evidence. Defendant argues that the evidence supports only $30,899.64 in restitution as evidenced by the altered checks.
R.C. 2929.18(A)(1) provides that a court imposing sentence on an offender for a felony may sentence the offender to financial sanctions, including restitution by the offender to the victim of the offender's crime in an amount based on the victim's economic loss. Generally, the amount of restitution ordered by a court must be established to a reasonable degree of certainty and the amount of restitution must bear a reasonable relationship to the actual loss suffered. Findlay v. Coy (1991), 76 Ohio App.3d 189,195.
The weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. A trial court's restitution order supported by competent, credible evidence will not be reversed by a reviewing court as being against the manifest weight of the evidence. See State v. Warner (1990), 55 Ohio St.3d 31, 69.
At the hearing held in the instant case, the trial court heard testimony from the defendant, defendant's father Kenneth Van Fossen, and Detective Michael Hayes. Defendant testified that starting in 1993 she worked for her father's business, Vans Commercial Floor Service, as the bookkeeper. Defendant admitted that she wrote altered checks in the amount $30,899.64 as reflected in Defendant's Exhibit A without her father's authorization. However, she did dispute the remaining checks in the exhibit totaling about $70,000. According to defendant, she believed that her father had authorized all these checks. When defense counsel inquired about why she believed that she was authorized to write checks to herself from the business account, defendant responded that, "I was told that if I needed help, it was there." Defendant further stated that there were payroll checks included in the exhibit, as well as checks that she had written to the store to buy groceries for her father. Although she had endorsed checks made out to Van Fossen by signing his name, she testified that she gave the cash to him. One of the checks cashed was in the amount of $1,500. Additionally, defendant testified that her father would reconcile the checkbook every two weeks and that he saw every check that was written from the checking account.
On the other hand, Van Fossen's testimony indicated defendant was never authorized to write any of the disputed checks. Van Fossen testified that he had placed complete trust in defendant and that each check defendant wrote from the business checking account was stamped with his signature stamp. Van Fossen also testified that after he began experiencing health problems, he was unable to access the checking account records.
Finally, Van Fossen stated that the disputed checks included duplicate payroll checks which he explained were determined by overlapping dates. In addition, Detective Hayes testified that after going over the business' checkbook ledger, he was able to see where duplicate payroll checks were written to defendant. The detective also stated that there were a number of checks in the exhibit written to a local grocery store, for credit card payments, and other like items.
Clearly, the trial court had to resolve the conflicting testimony by assessing the credibility of the three witnesses. The trial court specifically found the testimony of Van Fossen and the detective to be more credible in its determination of the amount of restitution to be ordered in this case. After reviewing all of the testimony in the record, and particularly the testimony of Van Fossen and the detective regarding the disputed checks, we find there was sufficient evidence in the record to support the amount of restitution to a reasonable degree of certainty.
Accordingly, defendant's assignment of error is overruled and the judgment of the trial court ordering restitution is affirmed.
Judgment affirmed.
HADLEY and WALTERS, JJ., concur.