OPINION
Appellant Phillip Bunton appeals the decision of the Tuscarawas County Court of Common Pleas that ordered restitution, to Greg Weber, in the amount of $2,880. The following facts give rise to this appeal. Greg Weber stored, on appellant's property, a 1965 Ford Mustang. Thereafter, appellant sold the vehicle, for $200, to Nathan Baker. Mr. Weber did not give appellant permission to sell the vehicle. When sheriff's deputies investigated this matter, appellant lied to the deputies and stated that the vehicle had disappeared from his property and he did not know what happened to it. As a result of this conduct, the Tuscarawas County Grand Jury indicted appellant, on May 6, 1998, for one count of grand theft and one count of falsification in a theft offense. On January 11, 1999, appellant entered a plea of guilty to an amended count of falsification. The trial court sentenced appellant the same day. At the sentencing hearing, the trial court ordered appellant to return the $200 to Mr. Baker. As part of the sentencing judgment entry, filed January 13, 1999, the trial court ordered appellant to pay restitution to Greg Weber in an amount not yet determined. Thereafter, on April 9, 1999, the trial court filed a judgment entry ordering appellant to pay restitution, to Mr. Weber, in the amount of $2,880. It is from this judgment entry appellant appeals and sets forth the following assignment of error for our consideration.
I. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT WHEN IT IMPOSED A RESTITUTION ORDER BEYOND THE SCOPE OF THE OHIO REVISED CODE, WITHOUT A HEARING, WITHOUT EVIDENCE, AND IN VIOLATION OF THE PLEA AGREEMENT.
 I
In his sole assignment of error, appellant contends the trial court erred in ordering him to pay restitution, in the amount of $2,880, to Mr. Weber, without conducting a hearing. We agree. Under R.C. 2929.21, a trial court is permitted to order restitution for misdemeanor offenses. This statute provides, in pertinent part: (E) The court may require a person who is convicted of or pleads guilty to a misdemeanor to make restitution for all or part of the property damage that is caused by the offense and for all or part of the value of the property that is the subject of any theft offense, as defined in division (K) of section 2913.01 of the Revised Code, that the person committed.
The state originally charged appellant with a violation of R.C.2921.13(A)(9). A violation of section (A)(9) occurs when a person makes a false statement "* * * with purpose to commit or facilitate the commission of a theft offense." At the change of plea hearing conducted on January 11, 1999, the state amended the falsification charge to a violation of section (A)(3). This section prohibits the making of a false statement "* * * with purpose to mislead a public official in performing the public official's official function." In addressing appellant's sole assignment of error, we conclude that an order of restitution is not permissible because appellant pled guilty to a violation of R.C. 2921.13(A)(3), which is not a theft offense. We base our conclusion on the fact that R.C. 2913.01(K) does not define "theft offense" to include a violation of R.C. 2921.13. Accordingly, the trial court erred when it issued a judgment entry, on April 9, 1999, requiring appellant to pay Mr. Weber restitution in the amount of $2,880 because a charge of falsification is not a theft offense for which restitution is permitted. In support of its argument that restitution was proper in this case, the state cites the case of Findlay v. Coy (1991), 76 Ohio App.3d 189. In the Findlay case, the court of appeals * * * held that the offense of falsification as set forth in Findlay Ordinance 136.02(A)(4) and R.C. 2921.13(A)(4) is a theft offense as defined in R.C.2913.01(K). Therefore, in sentencing a defendant for falsification in violation of those sections, the trial court may, under the provisions of R.C. 2929.21(E), properly require the defendant to make restitution for all or part of the value of the property obtained by means of such falsification." Id. at 194.
The trial court based its conclusion on the fact that the offense of falsification, under R.C. 2921.13(A)(4), is substantially equivalent to the listed theft offense of theft by deception and is `an offense * * * involving * * * theft, * * * wrongful conversion, * * * deceit, or fraud.' In the case sub judice, a violation of R.C. 2921.13(A)(3) involves making a false statement to a public official. A violation of section (A)(3) differs greatly from a violation of (A)(4), which deals with making a false statement to secure payment of unemployment compensation. Thus, Findlay is not applicable to the matter currently before the court. Therefore, we conclude the trial court erred when it ordered appellant to pay restitution, in the amount of $2,880, to Mr. Weber. Appellant's sole assignment of error is sustained.
For the foregoing reasons, the judgment of the Court of Common Pleas, Tuscarawas County, Ohio, is hereby reversed.
 _________________________ By: Wise, J.
Gwin, P.J., and Farmer, J., concur.