OPINION
Defendant-appellant Max Barnes Jr. ("Barnes") brings this appeal from the judgment of the Court of Common Pleas of Hancock County convicting him of receiving stolen property.
On March 29, 2001, Greg Roe ("Roe") discovered an ATV was missing from his racetrack and called the police. At around 10:00 a.m., Barnes arrived at a friend's home with an ATV that he said he "got" from the race course. He left the ATV at the house and said he would pick it up later. Roe subsequently learned where the ATV was and notified the police.
On May 29, 2001, a grand jury indicted Barnes on one count of receiving stolen property, alleging that Barnes had unlawfully retained Roe's ATV. The matter proceeded to a jury trial on August 27 and 28, 2001. At the conclusion of the trial, the jury found Barnes guilty or receiving stolen property. A sentencing hearing was held on October 15, 2001. At the hearing, the trial court ordered Barnes to serve a sentence of 16 months in prison and ordered total restitution of $2,861. It is from this judgment that Barnes appeals.
Barnes raises the following assignments of error.
 Barnes was found guilty of receiving stolen property on insufficient evidence in violation of his rights to due process and a fair trial as guaranteed by the fifth, sixth, and fourteenth amendments to the U.S. Constitution, and Sections five and sixteen, article one of the Ohio Constitution.
 Barnes received ineffective assistance of trial counsel in violation of his sixth amendment rights when his trial counsel focused on the credibility of the Crafts when raising a Crim.R. 29(A) motion for acquittal.
 The trial court erred in ordering Barnes to pay $2,861 in restitution.
In the first assignment of error, Barnes' argument is that the evidence was insufficient to show that he knew that the property was stolen. "When a defendant challenges the sufficiency of the evidence, `the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'"State v. Johnson (2000), 88 Ohio St.3d 95, 112, 723 N.E.2d 1054, 1080. Barnes was charged with one count of receiving stolen property, a violation of R.C. 2913.51. The elements of the offense are as follows: 1) retaining the property of another 2) knowing or having reasonable cause to believe 3) that the property was stolen. R.C. 2913.51.
Here, Roe testified that he arrived at the racetrack at about 8:00 a.m. on March 29, 2001, and everything was in order. He then left the track and returned at about 1:00 p.m. When he returned, the gates were broken and the ATV was missing. He also testified that there were black marks on the gate. Mr. and Mrs. Craft testified that Barnes arrived at their home with the ATV at approximately 10:00 a.m. on March 29, 2001. They then saw Barnes leave in a black car with another man. Jason Craft testified that Barnes told him that he had gotten the ATV from the racetrack. Two of Barnes' coworkers saw him and the second gentleman washing a black car at approximately 9:15 a.m. on March 29, 2001, but they were gone by 10:00 a.m. The defense presented no evidence.
 Factors to be considered in determining whether reasonable minds could conclude whether a defendant knew or should have known property has been stolen include:
 (a) the defendant's unexplained possession of the merchandise, (b) the nature of the merchandise, (c) the frequency with which such merchandise is stolen, (d) the nature of the defendant's commercial activities, and (e) the relatively limited time between the thefts and the recovery of the merchandise.
State v. Davis (1988), 49 Ohio App.3d 109, 112, 550 N.E.2d 966, 968. In this case, all of the evidence indicates that Barnes had possession of the ATV, a motor vehicle which is frequently stolen, within three hours of its being stolen. No explanation was given as to how it came to be in his possession. Viewing the evidence in favor of the State, a reasonable person could conclude that Barnes had reason to believe that the ATV was stolen. Thus, the first assignment of error is overruled.
The second assignment of error alleges that Barnes was denied effective assistance of counsel.
 When considering an allegation of ineffective assistance of counsel, a two-step process is usually employed. First, there must be a determination as to whether there has been a substantial violation of any of defense counsel's essential duties to his client. Next, and analytically separate from the question of whether the defendant's Sixth Amendment rights were violated, there must be a determination as to whether the defense was prejudiced by counsel's ineffectiveness.
 On the issue of counsel's effectiveness, the appellant has the burden of proof, since in Ohio a properly licensed attorney is presumably competent. * * * [T]he initial burden [is placed] upon the appellant since, * * * [t]o impose automatically the initial burden of proof on the state * * * would penalize the prosecution for acts over which it can have no control.
State v. Jackson (1980), 64 Ohio St.2d 107, 110-11, 413 N.E.2d 819, 822.
Barnes claims his counsel was ineffective because counsel focused the trial court's attention on the credibility of the Crafts in the motion for acquittal rather than the sufficiency of the evidence. We find that this is not prejudicial because, as discussed above, the evidence was sufficient to permit reasonable minds to conclude Barnes was guilty of the offense charged. In addition, the trial court properly considered whether the evidence was sufficient to support each element of the offense charged. Thus, the second assignment of error is overruled.
Finally, Barnes claims that the trial court erred in ordering restitution be made for the damage to the track when Barnes was not convicted of the theft which caused the damage. R.C. 2929.18 provides in pertinent part:
 [T]he court imposing a sentence upon an offender for a felony may sentence the offender to any financial sanction or combination of financial sanctions authorized under this section * * *.
 (1) Restitution by the offender to the victim of the offender's crime * * * in an amount based on the victim's economic loss.
This court has previously held that restitution must bear a reasonable relationship to the loss suffered. Findlay v. Coy (1991),76 Ohio App.3d 189, 601 N.E.2d 186. These losses must be substantiated through documentary evidence or testimony. State v. Marbury (1995),104 Ohio App.3d 179, 661 N.E.2d 271. Absent this substantiation, statements made in a victim impact statement are not sufficient to support a finding that the expenses are reasonable or necessary. Statev. Johnson (June 30, 1999), Auglaize App. No. 2-98-39, 1999 WL 455301, unreported.
In this case, the sole basis for granting restitution was the statements made by Roe in the victim impact statement. There was no evidence presented at the sentencing hearing to support those statements. Thus, the record is silent as to the reasonableness or necessity of these expenses. In addition, part of the restitution granted was for the damage committed during the theft. Barnes was not convicted of the theft, only of receiving the stolen property. Despite the argument made by the State in its brief, we cannot infer that Barnes is guilty of the theft from his conviction for receiving stolen property. The damages committed during the theft are not a result of the criminal conduct of which Barnes was convicted. Ordering Barnes to pay restitution for those damages is an arbitrary punishment and thus, an abuse of discretion. Given the lack of evidence to support the restitution ordered, the third assignment of error must be sustained.
The judgment of the Court of Common Pleas of Hancock County is affirmed in part and reversed in part. The cause is remanded to that court for further proceedings.
Judgment affirmed in part and reversed in part and cause remanded.
SHAW, P.J., and WALTERS, J., concur.