[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant, James Edward Harmon, was charged,[1] in connection with alleged improprieties occurring between June 1984 and December 1995, with theft in office in violation of 2921.41(A)(2) and tampering with records in violation of R.C.2913.42(A)(1). At a hearing in February 1999, Harmon pleaded guilty to both charges. After the facts summarizing Harmon's involvement in the offenses and the amount of damages incurred by Columbia Township and the Public Employees Retirement System (PERS) were read into the record, Harmon was found guilty. In March 1999, a sentencing hearing was held. At the hearing, the trial court imposed a two-year term for the theft-in-office conviction and a one-year term for the tampering-with-records conviction. Further, the court ordered Harmon to (1) pay restitution in the amount of $123,079 to Columbia Township,[2]
(2) pay restitution in the amount of $109,912 to PERS, (3) pay a $7,500 fine, and (4) not hold public office in the future. In this appeal, Harmon asserts four assignments of error, none of which are well taken.[3]
Harmon's first three assignments of error address the same issue; therefore, we discuss them in the aggregate. In these assignments, Harmon alleges that the trial court violated his United States and Ohio constitutional rights under the Eighth Amendment and the Due Process Clause by imposing the restitution obligation. Specifically, he alleges, in the first assignment, that the restitution order did not bear a relationship to the loss suffered. In the second assignment, Harmon maintains that he was entitled to a separate evidentiary hearing to ensure that the restitution obligation accurately reflected the actual losses suffered by Columbia Township and PERS. Finally, in the third assignment, Harmon alleges that he should not have been ordered to reimburse Columbia Township for the cost of the investigation leading to his indictment.
Restitution is limited to the actual loss caused by the defendant's illegal conduct.[4] When a court orders restitution, there must be sufficient evidence in the record to determine the amount of restitution with a reasonable degree of certainty.[5] Where the evidence in the record is insufficient, an evidentiary hearing may be necessary to satisfy due process, but where the record contains evidence to substantiate the loss, a hearing is not necessary.[6] Generally, a trial court's order of restitution will not be reversed absent a showing of an abuse of discretion.[7] Where no objection is made at trial, any error, except an error affecting a substantial right, is waived.[8] Our authority to notice plain error is discretionary and should be invoked only to prevent a clear miscarriage of justice.[9]
After reviewing the record, we conclude that the trial court's restitution award was reasonably related to the losses suffered by Columbia Township and PERS. The trial court properly relied upon the information available in the record, including the facts read at the plea hearing, the presentence investigation report (PSI), and the evidence presented at the sentencing hearing. Although Harmon specifically challenges the investigation fees as a component of the restitution obligation, no objection was raised at the sentencing hearing relating to that issue; therefore, we choose not to address it.[10] Accordingly, there was no abuse of discretion by the trial court.
Further, we are unconvinced that Harmon was entitled to a separate evidentiary hearing relating to the amount of restitution. The record reflects that the trial court offered to conduct an additional hearing on the issue of restitution, but that Harmon declined the offer. Harmon's trial counsel proceeded to address the issue of restitution at the sentencing hearing and did not object to the order of restitution following the hearing. Even when evaluating this assignment under a plain-error standard, we remain unpersuaded by Harmon's arguments because we have already held that there was sufficient evidence in the record to support the trial court's restitution order, and we, therefore, cannot say that the outcome would have been different if the court had ordered a separate restitution hearing.
In sum, having concluded that the trial court did not err in ordering restitution in the absence of a separate evidentiary hearing, we find no constitutional violations under either the United States or the Ohio Constitutions, and we overrule Harmon's first, second, and third assignments of error.
In his fourth assignment of error, Harmon alleges that the trial court erred in sentencing him for both offenses because tampering with records and theft in office are allied offenses of similar import. No objection was raised at the sentencing hearing relating to allied offenses; therefore, any error, except plain error, is waived.
To determine whether the offenses are allied offenses of similar import, we first decide whether the elements of the two offenses correspond to such a degree that the commission of one results in the commission of the other.[11] If they do, we must then determine whether they were committed separately or with a separate animus.[12]
After reviewing the record, we are convinced that Harmon's theft of property, including theft of a car, license plates, and services, did not necessarily result in tampering with records, which involved his receipt of unauthorized salary increases, bonuses, vacation time, sick time, and retirement benefits. Accordingly, we conclude that the two offenses are not allied, and no plain error occurred in sentencing Harmon on both counts.
Harmon further avers that his sentences must be reversed because the court failed to consider certain aggravating and mitigating factors. Harmon did not preserve this alleged error below, but even if it had been properly preserved, his argument is without merit.
Under the law prevailing prior to Senate Bill 2, a trial court had broad discretion in sentencing a defendant so long as the sentence was within the statutory limits.[13] Harmon's sentence was well within the statutory guidelines.[14] Moreover, the court considered the sentencing guidelines in R.C. 2929.13. Finding no abuse of discretion, we overrule Harmon's final assignment of error and affirm the judgment of the trial court.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
PAINTER, P.J., SUNDERMANN and WINKLER, JJ.
[1] Harmon was indicted with two other defendants, Jeffrey Huff and Debra Harmon Huff, but they have not pursued an appeal with Harmon.
[2] This amount included $18,000 in compensation for investigation costs.
[3] Because Harmon's offenses occurred between 1984 and 1995, he was properly charged and convicted under the statute as it existed before July 1, 1996. See State v. Rush (1998),83 Ohio St.3d 53, 697 N.E.2d 634, paragraph two of the syllabus.
[4] See R.C. 2929.11(E) (as it existed before July 1, 1996); R.C. 2921.41(C)(2)(a); State v. Brumback (1996),109 Ohio App.3d 65, 82, 671 N.E.2d 1064, 1075; State v.Williams (1986), 34 Ohio App.3d 33, 34, 516 N.E.2d 1270,1271.
[5] See State v. Brumback, supra, at 83,671 N.E.2d at 1075.
[6] See id.
[7] See id. citing Miller v. Miller (1991),73 Ohio App.3d 721, 724, 598 N.E.2d 167, 168.
[8] See Crim.R. 52(B); State v. Williams (1977),51 Ohio St.2d 112, 364 N.E.2d 1364, vacated in part on other grounds (1978), 438 U.S. 911, 98 S.Ct. 3137.
[9] See State v. Long (1978), 53 Ohio St.2d 91,372 N.E.2d 804, paragraph three of the syllabus.
[10] See State v. Kalb (Jan. 4, 1995), Hamilton App. No. C-940135, unreported.
[11] See State v. Blankenship (1988), 38 Ohio St.3d 116,117, 526 N.E.2d 816, 817.
[12] See id. (citations omitted).
[13] See Toledo v. Reasonover (1965), 5 Ohio St.2d 22,213 N.E.2d 179.
[14] Harmon was found guilty of theft in office, a third-degree felony that carried a maximum sentence of two years, and tampering with records, a fourth-degree felony that carried a maximum sentence of eighteen months. See R.C. 2929.11(D)(1) (as it existed prior to July 1, 1996).