JOURNAL ENTRY AND OPINION.
{¶ 1} Defendant-appellant, Billy Scott, appeals his conviction by a jury on one count of felonious assault in violation of R.C. 2903.11. The indictment included notice of a prior conviction and a repeat violent offender specification.
 {¶ 2} The underlying facts in this case show that defendant and Kareem Ali Dent had been in a relationship which ended when Dent left their home in May or June of 2001. On July 20, 2001, Dent was at his sister's home when defendant arrived and invited him to go for a ride. During the drive, Dent testified, defendant was drinking and making threats. Frightened, Dent jumped out of the car. He was subsequently treated at a local hospital for minor scrapes and bruises.
 {¶ 3} After the hospital visit, Dent went to stay with a friend who lived at an apartment building located at East 55th Street and Chester Avenue, in Cleveland. On July 22, 2001, Dent and two friends ran some errands and then returned to the apartment building. As they were getting out of the car, Dent saw defendant and some other men coming towards him. He stated that as defendant came closer he could see he was carrying a tree branch which he estimated to be about two and one-half to three feet in length and one to two inches thick. Dent noticed one of the other men carrying a metal pole.
 {¶ 4} With the branch, defendant pummeled Dent approximately five times on his right side and arm. At least two of the blows were hard enough to force Dent to the ground. Simultaneously, the man with the metal pole also struck Dent. After the beating, defendant and the other man fled, leaving Dent lying on the ground. Dent received a total of seventeen stitches for two separate wounds to his right arm. He also received five stitches in the back of his neck.
 {¶ 5} Defendant was later arrested and indicted for felonious assault. At trial, witnesses confirmed Dent's account of the events on the night of July 22. Defendant was convicted of felonious assault and now challenges that conviction in this appeal.
Assignment of Error No. I: The trial court erred by not instructing the jury that it must unanimously conclude that appellant committed acts falling within one specific section of felonious assault.
Assignment of Error No. V: The trial court erred in leaving `Metal Pole' in the indictment where the evidence was that another individual had used the metal pole and where a complicity instruction was neither requested nor given.
 {¶ 6} Defendant was convicted of felonious assault defined in R.C. 2903.11 as follows: "(A) No person shall knowingly do either of the following: (1) Cause serious physical harm to another * * *; (2) Cause or attempt to cause physical harm to another * * * by means of a deadly weapon or dangerous ordnance." R.C. 2901.01(A)(5) defines "[s]erious physical harm to persons" as any of the following:
(a) Any mental illness or condition of such gravity as would normally require hospitalization or prolonged psychiatric treatment;
(b) Any physical harm that carries a substantial risk of death;
(c) Any physical harm that involves some permanent incapacity, whether partial or total, or that involves some temporary, substantial incapacity;
(d) Any physical harm that involves some permanent disfigurement or that involves some temporary, serious disfigurement;
(e) Any physical harm that involves acute pain of such duration as to result in substantial suffering or that involves any degree of prolonged or intractable pain.
 {¶ 7} "Generally, a trial court does not err in finding serious physical harm where the evidence demonstrates the victim sustained injuries necessitating medical treatment." State v. Davis, Cuyahoga App. No. 81170, 2002-Ohio-7068, ¶ 21.
 {¶ 8} Under R.C. 2923.11(A), a "deadly weapon" is defined as "any instrument, device, or thing capable of inflicting death, and designed or specially adapted for use as a weapon, or possessed, carried, or used as a weapon." Further, a piece of wood can be a deadly weapon under the statute. State v. McAlphine, (Jan. 24, 2002), Cuyahoga App. No. 79216;State v. Ziernicki, (Nov. 2, 1995), Cuyahoga App. No. 68614, (wooden board used to strike victim's head causing serious laceration); State v.Williams, (June 8, 1989), Cuyahoga App. No. 55490, (wooden two-by-four used to repeatedly strike victim's head).
 {¶ 9} First, defendant argues the court erred because, instead of giving the jury an instruction that it needed to be unanimous in finding defendant guilty of either section (1) or (2) of the statute, it gave only a general unanimity instruction.
 {¶ 10} In Assignment of Error One, defendant alleges the court confused the jury and left open the question of whether the jurors were unanimous in their verdict under one of the sections or whether some of them voted guilty under one section while others found defendant guilty under the other section. If the latter is true, defendant argues he was not convicted by a unanimous verdict. In Assignment of Error Five, he claims the jury should have received an instruction on complicity because he never struck Dent with the metal pole.
 {¶ 11} In the case at bar, the record shows that defendant did not request an augmented general instruction on unanimity nor did he object to the trial court's failure to provide the jury with such an instruction. The same is true of defendant's claim that the jury should have been instructed on complicity. These errors, if any, are waived on appeal, however, in the absence of a determination that failing to so instruct amounted to plain error. See State v. Long (1978),53 Ohio St.2d 91.
 {¶ 12} Failure to timely object to any improper jury instruction does not constitute plain error under Crim.R. 52(B) unless, but for the error, the outcome of the trial clearly would have been otherwise. Statev. Noling, 98 Ohio St.3d 44, 2002-Ohio-7044, 781 N.E.2d 88; Long, supra.
 {¶ 13} In this appeal, the trial court told the jury,
[b]efore you can find the defendant guilty, you must find beyond a reasonable doubt that on or about the 22nd day of July, 2001, and in Cuyahoga County, Ohio, Billy Scott did knowingly cause serious physical harm to Kareem Dent and/or knowingly cause or attempt to cause physical harm to Kareem Dent by means of a deadly weapon or dangerous ordnance, to wit: a metal pole and/or a tree branch, as defined in section 2923.11 of the Ohio Revised Code.
Tr. 425-427.
 {¶ 14} The evidence proves that when Dent was struck with the wooden branch used by defendant, at least two of the blows were forceful and painful enough to drop him instantly to the ground and cause two deep lacerations to his right arm. Dent required medical treatment and multiple stitches to both wounds. This evidence satisfies the definitions of "serious physical harm" under section (e) of the statute. The piece of wood also qualifies as a "deadly weapon" under the statute and case law. Further fatal to defendant's claim is Dent's eyewitness identification of defendant as his assailant. Defendant did not present any evidence to rebut this testimony.
 {¶ 15} We reject, moreover, defendant's claim that Dent caused his own "disfigurement" because he removed his own stitches which left scarring. There is no evidence that absent Dent's removal of his stitches there would be no scars on his arm. The fact remains that Dent's arm is seriously disfigured because of the two lacerations. The evidence, therefore, supports section (d) of the statute.
 {¶ 16} Because of the overwhelming evidence, we conclude that the outcome of the trial clearly would not have been otherwise. Accordingly, the court's general unanimity instruction was sufficient. We further determine that the court did not have to include an instruction on complicity because the evidence amply supports all the elements of R.C.2903.11(A)(1) or (2). We reach the same conclusion even if the term "metal pole" were not part of the indictment. There was more than enough evidence to convict defendant of felonious assault with the evidence he used the wooden branch to beat Dent. Defendant's first and fifth assignments of error are overruled.
Assignment of Error No. II: The trial court denied appellant due process of law by failing to dismiss the charge of felonious assault because of the insufficiency of the state's evidence.
Assignment of Error No. III: The verdict was against the manifest weight of the evidence.
 {¶ 17} In the second assignment of error defendant argues there was insufficient evidence to convict him of felonious assault because he did not cause "serious physical harm" to Dent nor was the piece of wood he used to strike Dent a "deadly weapon" as these terms are defined in the statute. In the third assignment he also claims the verdict is not supported by the manifest weight of the evidence because the wooden tree branch is not a deadly weapon and Dent caused his own disfigurement and thus did not suffer serious physical harm as a result of defendant's actions. We reject both claims.
 {¶ 18} With respect to sufficiency of the evidence, "`sufficiency' is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law. * * * [S]ufficiency is a test of adequacy." State v. Thompkins (1997),78 Ohio St.3d 380, 386-87, citing State v. Robinson (1955),162 Ohio St. 486. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the state, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Jenks (1991), 61 Ohio St.3d 259.
 {¶ 19} "To determine whether a conviction is against the manifest weight of the evidence: `The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." State v. Thompkins (1997), 78 Ohio St.3d 380, 387,678 N.E.2d 541, citing State v. Martin (1983), 20 Ohio App.3d 172, 175,485 N.E.2d 717.
 {¶ 20} Since we have already determined that the evidence supporting defendant's conviction for felonious assault is overwhelming, we conclude that the state produced sufficient evidence upon which the jury could reasonably conclude that all the elements of felonious assault were proven beyond a reasonable doubt. The verdict was not against the manifest weight of the evidence, nor did the jury clearly lose its way. Defendant's second and third assignments of error are without merit.
Assignment of Error No. IV: Appellant was denied effective assistance of counsel in violation of the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution.
 {¶ 21} Defendant states "trial counsel in this case failed to provide effective assistance of counsel, and the cumulative effect of its failures prejudiced the defense greatly. Counsel in this case was allegedly ineffective in: (1) "opening the door to testimony from the alleged victim as to prior assaults committed upon him by Appellant, as well as to some of the details and effects of those assaults"; (2) erroneously arguing that the tree branch was not a `dangerous' weapon, rather than `deadly weapon'"; (3) "failing to object to the inclusion of the metal pole in the indictment, State's closing argument, and jury charge where there was no complicity instruction"; (4) "failing to object to the trial court's failure to include a specific unanimity instruction in its jury charge"; and (5) "failing to secure medical testimony as to the effects of Dent's failure to have his stitches removed in a timely fashion by a medical professional, rather than belatedly removing them himself."
 {¶ 22} In order to prove that this list of complaints amounts to "[t]he denial of the Constitutional right to effective assistance of counsel," defendant must meet a two-part test: he must show first, that "there was a substantial violation * * * of defense counsel's essential duties to his client, and second, * * * [that] the defense was prejudiced by counsel's ineffectiveness." State v. Lytle (1976), 48 Ohio St.2d 391.
 {¶ 23} "`Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.'" State v. Woods, Cuyahoga App. No. 79674, 2002-Ohio-809, quoting Strickland v. Washington (1986), 466 U.S. 668,689, 104 S.Ct. 2052, 80 L.Ed.2d 674. "An attorney is presumed to be competent." Woods, supra. Defendant bears the burden of proving a claim of ineffective assistance of counsel. Id. In this case, defendant has not met his burden of proving the essential element that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different.
 {¶ 24} Here, the defendant alleges that his attorney opened the door to Dent's testimony about "prior assaults committed upon him" by defendant. The first reference we find to a prior assault is the incident when Dent hit defendant with an iron. Tr. 231. We do not see how Dent's violent conduct toward defendant in this instance prejudiced defendant or the outcome of his trial. Next, on redirect, the state elicited testimony from Dent about the violent nature of his past relationship with defendant. Dent testified that both he and defendant were violent towards one another, including one incident when he was stabbed by defendant in the stomach. Tr. 260-262. Dent stated that, because of the violent nature of the relationship, he had become fearful of defendant and jumped out of the car the night of July 20, 2001. Tr. 262-263. Further, as to the offense being prosecuted, defendant presented no evidence to rebut Dent's testimony identifying defendant as his assailant. This testimony, not any testimony regarding a past event, is the crux of the evidence convicting defendant of the felonious assault.
 {¶ 25} Next, as explained earlier, the tree branch defendant used to hit Dent is not only a "deadly weapon" under the statute but also a "dangerous ordnance." The statute and jury instructions use both terms. We do not see nor does defendant explain how his attorney's reference to the tree branch as a dangerous weapon, rather than a deadly weapon, affected the outcome of the case.
 {¶ 26} Because we have already addressed the propriety of the court's inclusion of the metal pole in defendant's indictment and the fact that neither a unanimity nor a complicity instruction was necessary, we reject defendant's argument that his counsel's failure to object to the instruction constitutes ineffective assistance. In short, because the outcome of the trial would have been the same, defendant has not shown how he was prejudiced.
 {¶ 27} Finally, we have previously explained that Dent's injuries satisfy the "serious physical harm" section of the statute, namely, section (e). We cannot speculate, moreover, as to the possible effect of expert medical testimony. Thus we cannot conclude defense counsel was ineffective in not presenting such testimony to rebut the state's case under section (d) of the statute.
 {¶ 28} Defendant has not presented, nor do we find, any evidence that the verdict would have been different if his attorney had presented a defense with the changes defendant specifies in this appeal. Accordingly, defendant's fourth assignment of error is overruled.
 {¶ 29} The judgment of the trial court is affirmed.
JAMES J. SWEENEY, P.J., and COLLEEN CONWAY COONEY, J., concur.