JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Rapier Berry ("appellant") appeals his convictions for aggravated robbery, in violation of R.C. 2913.01, and felonious assault, in violation of R.C. 2923.11. For the reasons stated below, we affirm.
 I {¶ 2} On October 20, 2001, the victim, Jonathan Goff ("Goff"), was standing at the bus station on the corner of East 52nd Street and Superior Avenue in the City of Cleveland, Ohio, when appellant and Daniel Easter ("Easter") approached him demanding money.[1] After threatening to cut Goff's throat, appellant and Easter used sticks[2] to knock Goff to the ground. As a result of the attack, Goff became ill and vomited, some of which landed on appellant's clothes. While on the ground, Goff was robbed by appellant and Easter.
 {¶ 3} The Regional Transit Authority ("RTA") police officer Peter Greene ("Greene") responded to the scene via an emergency call from a bus driver. At the scene, Greene recovered a long wooden stick marked with the writing "whup ass stick number 1" and a smiley face. Appellant denied bringing the stick to the scene. After identifying appellant as one of his attackers, Goff was transported to St. Vincent Charity Hospital where he was treated for lacerations to the face, general body pain, headache, and blurred vision.
 {¶ 4} According to appellant, as he approached the bus station an intoxicated Goff vomited on him. Appellant pushed Goff away and the two men began fighting. Goff then chased appellant around the station and appellant grabbed the stick from the ground to defend himself. Appellant testified further that the stick he picked up was not the "whup ass stick number 1" and that he never struck Goff with the stick.[3]
 {¶ 5} Following the altercation between appellant and Goff, appellant testified that he attempted to board an RTA bus. The bus driver refused to let him on because of the odor from the vomit that remained on appellant's clothing. Also on the bus was Easter, who apparently knew Goff and who appellant testified reached under the bus seat and pulled out a stick. Both men exited the bus and appellant testified that Easter and Goff became engaged in an altercation. Appellant disavowed any association with Easter.
 {¶ 6} Officer Chenevey was the second officer on the scene. He also found both sticks and was told by a witness that Easter was also involved. At the time, Easter had crossed the street and was walking away. Easter was stopped, whereby officers found a magnifying glass and lighter that were later identified as belonging to Goff.
 {¶ 7} On November 19, 2002, appellant was indicted on one count of felonious assault and one count of aggravated robbery. Appellant pled not guilty. On March 12, 2003, the jury convicted appellant on both counts and the trial court imposed a six-year sentence on each count, to run concurrently.
 {¶ 8} Appellant timely appealed and advances three assignments of error for our review.
 II {¶ 9} In his first assignment of error, appellant argues that "the evidence is insufficient to sustain a conviction of felonious assault pursuant to R.C. 2903.11 as it failed to establish that the appellant invoked the use of a deadly weapon."[4] For the reasons stated below, we affirm.
 {¶ 10} The Ohio Supreme Court has established the applicable standard for determining whether a conviction is supported by sufficient evidence:
"The relevant inquiry is whether, after reviewing the evidence in alight most favorable to the prosecution, any rational trier of fact couldhave found the essential elements of the crime proven beyond a reasonabledoubt." State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of thesyllabus.
 {¶ 11} Appellate review of the trial court's determination is limited to whether there is sufficient probative evidence to support the trier of fact's finding as a matter of law. State v. Thompkins (1987),78 Ohio St.3d 380, 386. It is recognized that the trier of fact is in a far better position to evaluate the testimony of witnesses than a reviewing court. State v. DeHass (1967), 10 Ohio St.2d 230.
 {¶ 12} In the case sub judice, appellant argues that the state failed to show that the stick used constituted a deadly weapon. Pursuant to R.C. 2923.11(A), deadly weapon is defined as "any instrument, device or thing capable of inflicting death, and designed or specially adapted for use as a weapon or possessed, carried or used as a weapon."
 {¶ 13} We have recently held that a wooden board may constitute a deadly weapon. State v. Scott, Cuyahoga App. No. 81235, 2003-Ohio-5374. In this case, appellant was identified as an assailant who used a wooden stick to strike the victim. Appellant is correct that, by itself, a piece of wood or a stick does not constitute a deadly weapon. However, "the manner of use of the instrument, its threatened use, and its nature determine its capability to inflict death." State v. Deboe (1977),62 Ohio App.2d 192.
 {¶ 14} Here, the stick used was of sufficient weight to knock Goff to the ground and inflict bruising and multiple lacerations severe enough to require medical attention. Further, Goff suffered headaches and blurred vision. The state need not produce an expert for the jury to determine that an instrument constitutes a deadly weapon.[5]
 {¶ 15} Appellant's first assignment of error is overruled.
 III {¶ 16} In his second assignment of error, appellant argues that "the evidence is insufficient to establish the offense of Aggravated Robbery, R.C. § 2911.01, beyond a reasonable doubt." For the reasons stated below, we affirm.
 {¶ 17} Pursuant to R.C. 2911.01, aggravated robbery is defined as:
"(A) No person, in attempting or committing a theft offense, as definedin section 2913.01 of the Revised Code, or in fleeing immediately afterthe attempt of offense, shall do any of the following:
 Have a deadly weapon on or about the offender's person or under theoffender's control and either display the weapon, brandish it, indicatethat the offender possesses it, or use it. * * *"
 {¶ 18} The jury found that appellant aided Easter in the commission of this offense. Specifically, the jury found that appellant aided, assisted, directed or acted in concert with Easter prior to, during, or subsequent to the commission of the aggravated robbery. State v. Scott
(1980), 61 Ohio St.2d 155.
 {¶ 19} As stated above, appellate review of the trial court's determination is limited to whether there is sufficient probative evidence to support the trier of fact's finding as a matter of law.Thompkins, supra. Appellant argues that there is insufficient evidence to support the jury's finding that he acted in concert with Easter in robbing Goff. In support, appellant argues he and Easter had never met before.
 {¶ 20} The state argues that appellant neither protested the crime nor abandoned Easter, and that he helped to beat Goff to the ground. Goff testified that both males demanded money and rummaged through his belongings while he was on the ground. The state contends that the jury could have reasonably concluded that appellant knowingly assisted in the commission of the theft offense. We agree.
 {¶ 21} The appellant's relationship before the day of the incident is irrelevant. Under Scott, the jury could have reasonably determined that appellant aided and assisted Easter by beating Goff to the ground. Not only did appellant beat Goff with the stick, he rummaged through Goff's clothing searching for items to steal. The fact that Easter was the one who actually took possession of the items does not relieve appellant's responsibility for his actions. Appellant's second assignment of error is overruled.
 IV {¶ 22} In this final assignment of error, appellant argues that "the trial court erred by sentencing the defendant to more than the minimum term for his convictions of Felonious Assault, R.C. § 2903.11, and Robbery, R.C. § 2911.02." For the reasons stated below, we affirm.
 {¶ 23} Appellant argues the trial court failed to comply with the mandates of R.C. 2929.14(B). R.C. 2929.14(B) provides:
"If the court imposing a sentence upon an offender for a felony electsor is required to impose a prison term on the offender and if theoffender previously has not served a prison term, the court shall imposethe shortest prison term authorized for the offense pursuant to division(A) of this section, unless the court finds on the record that theshortest term will demean the seriousness of the offender's conduct orwill not adequately protect the public from future crime by the offenderor others."
 {¶ 24} In State v. Edmonson (1999), 86 Ohio St.3d 324, the Ohio Supreme Court held that if the shortest prison term was not imposed, the record must indicate that the court found either or both of the statutory reasons for imposing the longer sentence. The trial court need not recite the exact language of the statute, as long as it is clear from the record that the court made the required findings. State v. Casalicchio, Cuyahoga App. No. 82216, 2003-Ohio-3028. As an appellate court, we may not disturb the sentence imposed unless we find by clear and convincing evidence that the sentence is contrary to law or not supported by the record. R.C. 2958.08(G)(1).
 {¶ 25} In the case sub judice, the trial court acknowledged that appellant had not previously served prison time. Therefore, the presumption would be that the court would impose the shortest prison terms.[6] The court, however, imposed two concurrent six-year terms. Under, R.C. 2929.14(B), the court was obligated to find one or both of the statutorily authorized reasons. We find that the court complied with the statute.
 {¶ 26} Following its finding that appellant had not previously served prison time, the court then determined that "the minimum 3-year sentence on count 1 would demean the seriousness of the offense of aggravated robbery." Furthermore, the court found that "two years for felonious assault certainly would demean the seriousness of [appellant's] conduct in this case." This language certainly complies with the mandates of R.C. 2929.14(B).
 {¶ 27} Appellant acknowledges that a judge wields broad discretion in sentencing if the judge first demonstrates an awareness of statutory sentencing requirements and considerations. State v. DeAmiches (March 1, 2001), Cuyahoga App. No. 77609. Such a demonstration was displayed in this case. The trial court had the discretion to sentence appellant between three and ten years on count one, and two and eight years on count two. The court, having found that the minimum sentence would demean the seriousness of the offense, had the discretion to impose its sentence of six years.
 {¶ 28} Appellant's final assignment of error is overruled.
 {¶ 29} The judgment is affirmed.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Patricia A. Blackmon, P.J. and Frank D. Celebrezze, JR., J., concur.
[1] Goff is legally blind. He is able to see images, but requires a magnifying glass to read.
[2] Appellant states that this stick was actually Goff's cane that he used for walking. The state repeatedly asserts that it was a long stick. In closing arguments, defense counsel remarked that "* * * and he (Goff) does not use a white cane. So he's not that blind." Tr. p. 225, lns. 21-22.
[3] In his brief, appellant alleges that Goff introduced the stick into the confrontation.
[4] Pursuant to R.C. 2903.11, felonious assault is defined, in pertinent part, as follows: "(A) No person shall knowingly * * * (2) cause or attempt to cause physical harm to another by means of a deadly weapon or dangerous ordnance. * * *"
[5] Further, we find that the jury could have considered the writing on the stick; namely, "whup ass stick number 1." Such language denotes the use of the item for violence.
[6] Aggravated assault is a felony of the first degree and carries with it a possible prison term of three to ten years. Felonious assault is a second-degree felony and carries a two-to-eight-year term of imprisonment.