JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, David Morris, appeals his convictions for multiple counts of felonious assault as well as the trial court's order of restitution. For the reasons set forth below, we affirm in part, reverse in part, and remand for proceedings consistent with this opinion.
 {¶ 2} On June 25, 2007, the Cuyahoga County Grand Jury indicted appellant on two counts: count one alleged felonious assault in violation of R.C. 2903.11(A)(1), and count two alleged felonious assault in violation of R.C. 2903.11(A)(2). Appellant pled not guilty to the charges in the indictment.
 {¶ 3} After appellant waived his right to a jury, the case proceeded to a bench trial on October 22, 2007. At trial, the state established the following facts.
 {¶ 4} Joseph Aicone testified that, at approximately 2:30 a.m. on February 25, 2007, he and his friend, Sean Fussi, were leaving the Tequila Ranch, a nightclub located on West 6th Street in Cleveland, Ohio. As they were traversing towards West 4th
Street, Fussi become involved in a physical altercation with appellant. Aicone attempted to assist his friend in the altercation and became embroiled in a fight with three or four other individuals. Aicone fell to the ground and the individuals continued to punch and kick him.
 {¶ 5} When Aicone was able to return to his feet, he raised his hands and said "I'm out." An individual, Aicone later identified as appellant, swung his arms towards Aicone and cut Aicone with a sharp object on the forearm, above the left *Page 4 
eye, and on his stomach. Bleeding, Aicone turned around and walked in the opposite direction. It was then that he saw the police arriving on the scene.
 {¶ 6} Officer Martin Rudin testified that, upon arrival, he observed a number of individuals flee the scene as well as appellant and Fussi wrestling on the ground. As he approached the altercation occurring on the ground, he witnessed Aicone walking towards him with blood all over his person. Officer Rudin did not attend to Aicone immediately. Rather, he chose to breakup the altercation occurring between appellant and Fussi. Eventually, he was able to halt the fighting and placed appellant and Fussi under arrest.
 {¶ 7} While under arrest, Officer Rudin searched appellant and did not find any weapons on his person. Additionally, after searching the area, officers did not find any weapons in the area. Officer Rudin further testified that appellant did not seem intoxicated and was cooperative with the investigation. He did notice, however, that blood was apparent on appellant's shirt.
 {¶ 8} After placing appellant and Fussi under arrest, Officer Rudin attended to Aicone. Officer Rudin described Aicone as highly intoxicated and noted that Aicone refused to provide the officers with the occurrences of the incident. The police called an ambulance for Aicone.
 {¶ 9} EMS transported Aicone to the hospital where he received six stitches for a simple laceration to his left eye and over 20 stitches for a deep and complex laceration to his right forearm. The medical records submitted at trial indicated that *Page 5 
the muscle was exposed on the forearm and described the wound as "gaping." At trial, Aicone displayed the scars to his forearm and left eye to the court. Additionally, he testified that he has numbness in his right arm as a result of the cut to his forearm. Finally, Aicone, who did not have medical insurance at the time, testified that his medical bills totaled about $6,000.00 as a result of this incident.
 {¶ 10} A few days after the incident, Aicone provided a written statement to police. A few months later, Detective Paul Scott provided Aicone with a photo lineup of six males. Within minutes, Aicone picked appellant out of the lineup as the person who cut him.
 {¶ 11} At the summation of the state's case, appellant moved for acquittal pursuant to Crim. R. 29(A). The trial court denied his request and appellant proceeded to testify on his own behalf.
 {¶ 12} Appellant testified that he and a friend, Scott Morgan, attended Spy Bar, a nightclub located on West 6th Street in Cleveland, Ohio, during the early morning hours of February 25, 2007. He had one drink before leaving at closing time. After leaving Spy Bar, appellant and his friend walked to a nearby parking lot. While en route, appellant testified that Fussi threw a punch at him and the two began a physical altercation. The two were engaged in combat for four or five minutes on the ground before the police arrived at the scene. Appellant denied fighting with anyone other than Fussi and testified that he did not have any weapons with him that evening. He further denied cutting anyone. Finally, appellant maintained that no *Page 6 
other individuals were present during the fight other than appellant, Morgan, Fussi and Aicone.
 {¶ 13} After testifying, appellant renewed his motion for acquittal. The trial court denied this motion as well.
 {¶ 14} On October 26, 2007, the trial court found appellant guilty of felonious assault as charged in both counts of the indictment. One month later, the trial court sentenced appellant to two years of community control sanctions for each count, to run concurrent to each other. Additionally, the court ordered that appellant pay $7,000.00 restitution to Joseph Aicone.
 {¶ 15} Appellant now appeals and asserts three assignments of error for our review. Appellant's first assignment of error states:
 {¶ 16} "The evidence was insufficient as a matter of law to support a finding beyond a reasonable doubt that appellant was guilty of felonious assault."
 {¶ 17} When reviewing a challenge to the sufficiency of the evidence, an appellate court must view the evidence in a light most favorable to the prosecution and determine if any rational trier of fact could have found the essential elements of the crime, proven beyond a reasonable doubt. State v. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, at paragraph two of the syllabus, citing Jackson v. Virginia (1979),443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560. Thus, a reviewing court will not overturn a conviction for insufficiency of "the evidence unless we find that reasonable minds could not reach the conclusion reached by the trier of fact." State *Page 7 v. Treesh, 90 Ohio St.3d 460, 484, 2001-Ohio-4, 739 N.E.2d 749.
 {¶ 18} Appellant was convicted of one count of felonious assault in violation of R.C. 2903.11(A)(1) and one count of felonious assault in violation of R.C. 2903.11(A)(2). These statutes define felonious assault as the following:
 {¶ 19} "2903.11. Felonious assault
 {¶ 20} "(A) No person shall knowingly do either of the following:
 {¶ 21} "(1) Cause serious physical harm to another or to another's unborn;
 {¶ 22} "(2) Cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance."
 {¶ 23} Within this assignment of error, appellant argues that the state failed to establish Aicone suffered from serious physical harm, a necessary element of felonious assault as charged in count two of the indictment. See R.C. 2903.11(A)(2). R.C. 2901.01(A)(5) defines "serious physical harm to persons" as the following:
 {¶ 24} "(5) `Serious physical harm to persons' means any of the following:
 {¶ 25} "(a) Any mental illness or condition of such gravity as would normally require hospitalization or prolonged psychiatric treatment;
 {¶ 26} "(b) Any physical harm that carries a substantial risk of death;
 {¶ 27} "(c) Any physical harm that involves some permanent incapacity, whether partial or total, or that involves some temporary, substantial incapacity;
 {¶ 28} "(d) Any physical harm that involves some permanent disfigurement or that involves some temporary, serious disfigurement; *Page 8 
 {¶ 29} "(e) Any physical harm that involves acute pain of such duration as to result in substantial suffering or that involves any degree of prolonged or intractable pain."
 {¶ 30} In the case sub judice, we find the state presented sufficient evidence establishing the elements of both counts of felonious assault. The record establishes that appellant, with a sharp object, slashed appellant's left eye, right forearm and stomach. The wounds to the left eye required six stitches. The wound to the right forearm was quite severe, requiring 22 stitches, and was described in the medical records as "complex" and "gaping." At the time of the trial, appellant still bore scars from the wounds and testified that he suffered from numbness in his hand as a result of the cut to his forearm. In the least, these injuries constitute "serious physical harm," as defined in R.C. 2901.01(A)(5) as "temporary, substantial incapacity"; "temporary, serious disfigurement"; or "acute pain of such duration as to result in substantial suffering or that involves any degree of prolonged or intractable pain." R.C. 2901.01(A)(5). Furthermore, this court has repeatedly determined that a factfinder does not err in finding serious physical harm where the evidence establishes the victim suffered injuries necessitating medical treatment. State v. Scott, Cuyahoga App. No. 81235, 2003-Ohio-5374; State v. Davis, Cuyahoga App. No. 81170, 2002-Ohio-7068. Considering the foregoing, we find ample evidence supporting convictions for the two counts of felonious assault.
 {¶ 31} Appellant's second assignment of error states: *Page 9 
 {¶ 32} "Appellant's convictions for felonious assault as charged in counts one and two were against the manifest weight of the evidence."
 {¶ 33} In State v. Thompkins, 78 Ohio St.3d 380, 388, 1997-Ohio-52,678 N.E.2d 541, the court illuminated its test for manifest weight of the evidence as follows:
 {¶ 34} "Weight of the evidence concerns `the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief.' Black's [Law Dictionary (6 Ed. 1990)], at 1594."
 {¶ 35} "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a `thirteenth juror' and disagrees with the factfinder's resolution of the conflicting testimony." Id., citingTibbs v. Florida (1982), 457 U.S. 31, 45, 102 S.Ct. 2211,72 L.Ed.2d 652. The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether, in resolving conflicts in the evidence, the court clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. SeeState v. Martin (1983), 20 Ohio App.3d 172, 175, *Page 10 485 N.E.2d 717.
 {¶ 36} The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction. Id.
 {¶ 37} Within this assignment of error, appellant first argues that his conviction was against the manifest weight of the evidence because the state failed to establish that Aicone suffered from serious physical harm. For the reasons proffered in our analysis of appellant's first assignment of error, we find competent and credible evidence establishing Aicone suffered serious physical harm as a result of appellant's conduct.
 {¶ 38} Next, appellant maintains that Aicone's identification of appellant as the assailant lacks reliability and credibility. In support of this argument, appellant argues Aicone consumed 20 beers on the night of the incident and was clearly intoxicated and uncooperative with police officers at the scene. Additionally, appellant points out that Aicone's description of appellant's height was not accurate. Finally, appellant questions Aicone's credibility because no weapon was discovered on appellant or in the area.
 {¶ 39} "When assessing witness credibility, `[t]he choice between credible witnesses and their conflicting testimony rests solely with the finder of fact and an appellate court may not substitute its own judgment for that of the finder of fact.'" State v. Floyd, Trumbull App. No. 2005-T-0072, 2006-Ohio-4173, quoting State v. Awan (1986),22 Ohio St.3d 120, 123, 489 N.E.2d 277. "`Indeed, the factfinder is free *Page 11 
to believe all, part, or none of the testimony of each witness appearing before it.'" Id., quoting City of Warren v. Simpson (Mar. 17, 2000), Trumbull App. No. 98-T-0183. "Furthermore, if the evidence is susceptible to more than one interpretation, a reviewing court must interpret it in a manner consistent with the verdict." Id.
 {¶ 40} In the instant case, we cannot conclude that the trial court lost its way. Aicone testified that, while he consumed about 20 beers that evening, he was able to see and remember his assailant. The description he provided of appellant a few days after the incident, while not exact in height, matched various other aspects of appellant's appearance during the incident. Additionally, Aicone was able to affirmatively and promptly select appellant from a photo-array of six other males sometime after the incident. Finally, Officer Rudin testified that upon arrival, Aicone was bleeding after being cut from a sharp object and that appellant had blood on his shirt. Weighing all the evidence and all reasonable inferences, we find that the trial court could reasonably conclude that appellant committed both counts of felonious assaults.
 {¶ 41} Appellant's third assignment of error states:
 {¶ 42} "The trial court erred in ordering restitution in an amount not established to a reasonable degree of certainty."
 {¶ 43} Here, appellant contends the trial court erred in ordering appellant to pay Aicone $7,000.00 in restitution because the restitution order is not supported by competent, credible evidence. For the following reasons, we find merit in appellant's *Page 12 
argument.
 {¶ 44} R.C. 2929.18(A)(1) grants a trial court authority to order restitution by an offender to a victim in an amount commensurate with the victim's economic loss. The statute further provides in relevant part:
 {¶ 45} "If the court imposes restitution, the court may base the amount of restitution it orders on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information, provided that the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense. If the court decides to impose restitution, the court shall hold a hearing on restitution if the offender, victim, or survivor disputes the amount." R.C. 2929.18(A)(1).
 {¶ 46} Before imposing a restitution order, a sentencing court must determine the amount of restitution to a reasonable degree of certainty, ensuring that the amount is supported by competent, credible evidence.State v. Warner (1990), 55 Ohio St.3d 31, 69, 564 N.E.2d 18; State v.Williams (1986), 34 Ohio App.3d 33, 516 N.E.2d 1270, paragraph two of syllabus. "A trial court abuses its discretion in ordering restitution in an amount which has not been determined to bear a reasonable relationship to the actual loss suffered." Williams, supra.
 {¶ 47} In the instant matter, the trial court erred in ordering appellant to pay $7,000.00 to Aicone as restitution. At trial, Aicone testified that his medical *Page 13 
expenses were about $6,000.00 and that he did not have medical insurance to cover the expenses. While Aicone's testimony may have reflected an estimate of the amount of the medical bills, without some verification as to the exact amount owed or paid, the trial court is unable to determine the amount of restitution to a reasonable degree of certainty. Furthermore, the trial court ordered $7,000.00 in restitution, rather than the $6,000.00 Aicone testified to as the amount of his medical bills. There is nothing in the record explaining the $1,000.00 increase in the restitution. As R.C. 2929.18(A) provides that the trial court's order of restitution "shall not exceed the amount of economic loss suffered by the victim as a direct and proximate result of the commission of the offense," the trial court had no evidentiary basis to increase the award. Accordingly, we reverse the trial court's award of restitution and remand for proceedings consistent with this opinion. Appellant's third assignment of error is sustained.
 {¶ 48} Appellant's convictions for felonious assault are affirmed and the trial court's order of restitution is reversed and remanded.
It is ordered that appellee and appellant split the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence. *Page 14 
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 SEAN C. GALLAGHER, P.J., and FRANK D. CELEBREZZE, JR., J., CONCUR *Page 1