THE STATE OF OHIO, APPELLEE, *v.* WILLIAMS, APPELLANT.

(No. 2200—Decided
September 24, 1986.)

*Stephen A. Schumaker,* prosecuting attorney, and *David E. Smith,* for appellee.

*Martin, Grady, Monnin & Wilson* and *Thomas J. Grady,* for appellant.

BROGAN, P.J. On January 21, 1986, defendant-appellant, Ty A. Williams, entered a negotiated plea of guilty to a charge of aggravated vehicular homicide, R.C. 2903.06, a fourth degree felony.

The trial court requested a presentence investigation by its probation department. A report was submitted to the court at the time of sentencing on January 31, 1986.

Appellant was sentenced to a term of incarceration of eighteen months and was fined $2,500. He was also ordered to make restitution in the amount of $10,000.

The order of restitution forms the basis of the present appeal. Appellant contends the trial court erred in imposing a requirement of restitution without basing the ordered amount upon competent, relevant and probative evidence. Appellant argues the only evidence in the record supporting the imposition of a $10,000 restitution amount was a statement made in the pre-sentence investigation report. The victim's father related to a probation officer that the estimated total costs in medical and funeral expenses for his son was between $9,000 and $10,000.

R.C. 2929.11(E) provides that the court "may require a person who is convicted of or pleads guilty to a felony to make restitution for all or part of the property damage that is caused by his offense * * *."

Generally, the right ' to order restitution is limited to the actual damage or loss caused by the offense of which the defendant is convicted. Implicit in this principle is that the amount claimed must be established to a reasonable degree of certainty before restitution can be ordered.

In the present action, the court below relied on figures presented in a victim impact statement prepared by the Clark County probation department to arrive at the restitution amount. R.C. 2947.051 mandates the preparation of such statements where the offender pleads guilty to a felony. Subsection (B) of R.C. 2947.051 provides:

"Each victim impact statement shall identify the victim of the offense, itemize any economic loss suffered by the victim as a result of the offense, identify any physical injury suffered by the victim as a result of the offense and the seriousness and permanence of the injury, identify any change in the victim's personal welfare or familial relationships as a result of the offense and any psychological impact experienced by the victim or the victim's family as a result of the offense, and contain any other information related to the impact of the offense upon the victim that the court requires."

The victim impact statement involved in the present action failed to itemize the economic loss suffered as a result of the offense. The only evidence of loss was a statement by the victim's father to the probation officer that hospital, medical and funeral expenses totalled between $9,000 and $10,000.

We find the restitution order *sub judice* cannot stand because there must be a due process ascertainment that the amount of restitution bears a reasonable relationship to the loss suffered. See *State* v. *Trivedi* (1982), 8 Ohio App. 3d 412, 416, 8 OBR 534, 539, 457 N.E. 2d 868, 873.

The sums claimed were never identified with certainty prior to the order of restitution. The figures presented to the court were simply estimated. This fact is evidenced by the $1,000 range in the sum representing the actual losses.

This court is not disputing that substantial economic loss was suffered

by the victim's family as a result of the tragic incident. However, the types of losses claimed could readily have been substantiated by submission of bills or statements showing that the expenses were incurred. In many instances, the bills or statements could be attached to the victim impact statement, where one is prepared. See *State* v. *D'Andrea* (Dec. 8, 1982), Hamilton App. No. C-820036, unreported.

Similarly, as in the case of demonstrating medical and funeral expenses incurred in personal injury or wrongful death actions, the bills or statements themselves would be prima facie evidence of the reasonableness of the expenses incurred. See R.C. 2317.421.

Accordingly, we find the trial court abused its discretion in ordering restitution in an amount which had not been determined to bear a reasonable relationship to the actual losses suffered. The order of restitution is set aside and we remand the cause for resentencing according to law and consistent with this decision.

*Judgment reversed
and cause remanded.*

WILSON and WOLFF, JJ., concur.