## State v. Raines
### Case No. CA-89-5
### Morgan County (5th)
### Decided February 21, 1990
[Cite as 1 AOA 192]

*For Plaintiff-Appellee: Richard L. Ross, Prosecuting Attorney, P.O. Box 388, McConnelsville, Ohio 43755,*

*For Defendants-Appellants: Donovan Lowe, 59 North Seventh Street, McConnelsville, Ohio 43756.*

GWIN, J.

Julie Ann Raines (Raines), Angie S. Horner Webb (Webb), and Jennifer L. Smith (Jennifer Smith) were cashiers at the M & M IGA. Mary Lou Drake (Drake), Rebecca Ross Pifer (Pifer), and Karen Smith (Karen Smith) were M & M IGA shoppers.

This case arose out of the allegation that the above cashiers and shoppers were misusing coupons, *e.g.* coupons which did not match purchased items were accepted and/or a number of coupons were accepted for the purchase of a single item. Based on this allegation, Raines was indicted on one count of theft by deception, a fourth degree felony, in violation of R.C. 2913.02. Karen Smith, Pifer, and Drake were each indicted on one count of aiding and

abetting in the commission of a theft offense, a fourth degree felony, in violation of R.C. 2913.02 and 2923.03. Count three of the indictment charged each of the latter three defendants with one count of contributing to the delinquency of Jennifer Smith and Webb, minors, a first degree misdemeanor, in violation of R.C. 2919.24.

Following the trial court's reduction of the theft offenses from fourth degree felonies to first degree misdemeanors, a jury found all four defendants guilty as charged, and the trial court entered convictions and sentences accordingly. The defendants now seek our review and assign the following as error:

I. THE COURT ERRED IN PERMITTING KATHY [sic] MAHONEY AND RALPH MAHONEY TO TESTIFY AS TO EXHIBITS 10, 11, 12 AND IN ADMITTING SAID EXHIBITS INTO EVIDENCE.

II. THE PROSECUTING ATTORNEY AND ASSISTANT PROSECUTING ATTORNEY COMMITTED PROSECUTORIAL MISCONDUCT IN PERMITTING THEIR WITNESS, ANGIE HORNER WEBB, TO GIVE THEM FALSE AND MISLEADING TESTIMONY WHICH FACT WAS KNOWN TO THEM AT THE TIME OF THE TESTIMONY OF MRS. ANGIE HORNER WEBB.

III. THE COURT WAS IN ERR [sic] IN FAILING TO GRANT THE MOTION OF THE DEFENDANT MADE AT THE CONCLUSION OF THE STATES [sic] CASE AND RENEWED AT THE CONCLUSION OF DEFENDANTS [sic] CASE.

IV. THE CONVICTION OF THE DEFENDANTS IS AGAINST THE WEIGHT OF THE EVIDENCE.

V. THE COURT ERRED IN ORDERING RESTITUTION IN THIS MATTER IN THE AMOUNT OF $4,000.00 INASMUCH AS THE COURT HAD FOUND ON MOTION THAT THE AMOUNT TAKEN IF ANY WAS LESS THAN $300.00.

I

In their first assignment, defendants claim that the trial court erred in permitting, over

THEFT REPORT" into evidence. Said reports were prepared by M & M's bookkeeper, Cathy Mahoney, and were summations of discrepancies that appeared on the cash register receipts of Raines, Jennifer Smith, and Webb.

The general rule regarding the admissibility of evidence was set out in *O'Brien v. Angley* (1980), 63 Ohio St. 2d 159, 163:

> [W]hen the trial court determines that certain evidence will be admitted or excluded from trial, it is well established that the order or ruling of the court will not be reversed unless there has been a clear and prejudicial abuse of discretion.

Defendants' first complaint concerning the above reports is that the prejudicial value of the title, "COUPON THEFT REPORT," substantially outweighed the reports' probative value and misled the jury in contravention of Evid. R. 403. An examination of the record indicates that counsel for defendants never made this specific objection which would have allowed the trial court to retract the title or consider its prejudicial impact upon the jury and, therefore, defendants have not preserved this alleged error on appeal.

Defendants' next complaint is that the reports should not have been admitted because they were inaccurate and incomplete. Cathy Mahoney testified at great length and did indicate at one point that the reports were correct but incomplete. After a thorough review of Cathy Mahoney's testimony and based on the fact that these reports were mere summations, we do not believe the trial court clearly and prejudicially abused its discretion in admitting into evidence said reports.

Accordingly, defendants' first assignment is hereby overruled.

## II

In their second assignment, defendants' claim that the attorneys for the State committed prosecutorial misconduct. The thrust of this claim is that the State's attorneys permitted Webb, a State's witness, to untruthfully testify that no part of her prior juvenile court plea agreement involved cooperating with the State in this case. This assignment is unmeritorious.

At the time of the misstatement, the record suggests that counsel for defendants was well aware of Webb's untruthful testimony. Counsel for the State did not condone or conceal this untruthfulness from the trial court, but rather allowed counsel for defendants to impeach Webb. This is not a case where a prosecuting attorney knowingly permitted a State's witness to testify untruthfully while defendants' counsel was unaware, during the trial, of the dishonesty.

Accordingly, defendants have failed to demonstrate that they were prejudiced by Webb's dishonest testimony or misstatement especially in light of the subsequent impeachment of that testimony. Hence, we overrule this assignment of error.

## III & IV

The thrust of defendants' third and fourth assignments is that the verdict was against the manifest weight of the evidence. As a reviewing court, we need only determine whether the State presented evidence "'which, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt.' *Atkins v. State* (1926), 115 Ohio St. 542, 546 [155 N.E. 189, 190]." *State v. Eley* (1978), 56 Ohio St. 2d 169, 172, 10 O.O. 3d 340, 341, 383 N.E. 2d 132, 134. We will not reverse a jury verdict if it is supported by substantial, competent evidence. *Id; cf State v. Brown* (1988), 38 Ohio St. 3d 305, 313, 528 N.E. 2d 523, 535. Additionally, questions involving credibility are primarily for the trier of fact. *State v. DeHass* (1967), 10 Ohio St. 2d 230, 39 O.O. 2d 366, 277 N.E. 2d 212, para. 1 of the syllabus.

After a thorough examination of the record, we believe the jury verdict is supported by substantial, competent evidence, and that such evidence, if believed, would convince the average mind of defendant's guilt beyond a reasonable doubt.

Accordingly, assignments three and four are hereby overruled.

## V

On May 25, 1989, the trial court stated the following:

> The Court then suspended the jail terms for all Defendants and placed them upon two (2) years probation upon the following conditions:
>
> 1. That they report to Probation Officer G. Robert Meikle, follow the standard conditions of probation and his requests;
> 2. That the Defendants pay within six (6) months jointly and severally, Four

months jointly and severally, Four Thousand Dollars ($4,000) restitution to the M & M IGA;

3. That the Defendants be each responsible for one-fourth (1/4th) of the court costs to be paid within six (6) months;

4. That within one (1) year the Defendants each pay a one thousand dollar ($1,000) fine;

5. That each Defendant perform eighty (80) hours community service under the supervision of Marlene Work.

Defendants claim that the probation condition requiring them to jointly and severally pay $4,000 in restitution is error because it is inconsistent with the trial court's earlier reduction of the fourth degree felony offenses to first degree misdemeanor theft offenses.

In other words, defendants assert, because the trial court reduced the charged offenses, it must have found that the State's evidence would only support a finding that the value of the property stolen by each defendant was less than $300 and, therefore, the trial court abused its discretion by conditioning probation, *inter alia*, upon joint and several payment of $4,000.

Generally, the right to order restitution is limited to the actual damage or loss caused by the offense of which the defendant is convicted. Implicit in this principle is that the amount claimed must be established to a reasonable degree of certainty before restitution can be ordered.

(R.C. 2929.11 [E], construed.) *State v. Williams* (1986), 34 Ohio App. 3d 33, syllabus 1.

We do not believe the trial court abused its discretion in granting probation on the above conditions. Although the trial court may have believed the State's evidence was insufficient to prove *beyond a reasonable doubt* that the value of the property stolen by each defendant was $300 or more and less than $5,000, there was sufficient evidence to establish to a *reasonable degree of certainty* that the value of the property stolen by each defendant was $300 or more, but less than $5,000.

Furthermore, in light of the fact that four defendants were convicted of seven first degree misdemeanors, we believe that the trial court's probation conditions were not unreasonable.

Accordingly, defendants' final assignment of error is hereby overruled.

For the foregoing reasons, the judgment of the Morgan County Court of Common Pleas is hereby affirmed.

HOFFMAN, P.J. and SMART, J., Concur.