OPINION
Appellant, Olufunmilayo Yentude Agbesua, is appealing from a judgment of the Greene County Common Pleas Court sentencing her to thirty three months of incarceration and ordering her to pay $13,862.10 in restitution., Appellant lived with a seventy three year old woman, Margaret Dinsmore, who had several health problems including diabetes which resulted in her having been in and out of a coma. Appellant used Ms. Dinsmore's credit cards, forging her name, to obtain property for the Appellant. Ms. Dinsmore has since passed away.
On October 7, 1999, Appellant was indicted for twenty counts: four counts of misuse of a credit card, felonies of the fifth degree; thirteen counts of forgery, felonies of the fifth degree; two counts of theft, felonies of the fifth degree; and one count of securing writings by deception, a felony of the fourth degree. Appellant pled guilty to the four counts of misuse of a credit card and six counts of forgery on November 29, 1999, in exchange for the state of Ohio (hereinafter "State") dismissing the remaining ten counts. Further, the State agreed that if Appellant paid $4000 of the total restitution prior to sentencing, the State would recommend community control sanctions. Otherwise, the State would stand silent as to sentencing.
On February 18, 2000, even though Appellant had paid the $4000 and the State had recommended community control, the trial court sentenced Appellant to eleven months on each of the ten counts and ordered that three of the counts run consecutively while the remaining counts were to run concurrently. Thus, Appellant received an aggregate sentence of thirty three months of incarceration. Additionally, the trial court ordered that Appellant pay restitution in the amount of $13,862.10. Appellant filed this timely appeal., Appellant asserts four assignments of error:
 1. THE COURT'S IMPOSITION OF A PRISON SENTENCE UPON APPELLANT WAS CONTRARY TO R.C. 2929.13(B) AND AN ABUSE OF DISCRETION.
 2. THE COURT ERRED AND ABUSED ITS DISCRETION IN IMPOSING PRISON SENTENCES OTHER THAN MINIMUM SENTENCES UNDER R.C. 2929.14(B).
 3. THE COURT ERRED AND ABUSED ITS DISCRETION IN IMPOSING CONSECUTIVE SENTENCES UPON DEFENDANT, IN VIOLATION OF 2929.14(E)(4).
 4. THE COURT ERRED AND ABUSED ITS DISCRETION IN REQUIRING RESTITUTION FOR COUNTS OF THE INDICTMENT THAT WERE DISMISSED AS PART OF THE PLEA NEGOTIATION.
 Appellant's first assignment of error:
Appellant argues in her first assignment of error that the trial court erred by imposing a prison sentence on the Appellant when the trial court found none of the R.C. 2929.13(B) factors present and failed to list any applicable R.C. 2929.12 factors. We disagree.
R.C. 2929.13(B)(2)(a) provides:
 If the court makes a finding described in division (B)(1)(a), (b), (c), (d), (e), (f), (g), (h), or (i) of this section and if the court, after considering the factors set forth in section 2929.12 of the Revised Code, finds that a prison term is consistent with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code and finds that the offender is not amenable to an available community control sanction, the court shall impose a prison term upon the offender.
 The purposes and principles of sentencing described in R.C. 2929.11 are protection for the public from any of the offender's future criminal acts and punishment. R.C. 2929.11. We have stated that R.C. 2929.13 does not give rise to a presumption against imposing a prison sentence for a fifth or fourth degree felony even if none of the eight factors listed in R.C. 2929.13(B)(1) are met. State v. Sutherland (Aug. 15, 1997), Greene App. No. 97CA25, unreported. R.C. 2929.13(B) only offers "general guidance and a `disposition against imprisonment' for fourth and fifth degree felonies." Id. quoting Griffin Katz, Ohio Felony Sentencing Law (1996-1997) 61-62, 67.
Additionally, R.C. 2929.12 provides:
 The sentencing court shall consider all of the following that apply * * * as indicating that the offender's conduct is more serious than conduct normally constituting the offense:
* * *
 (2) The victim of the offense suffered serious * * * economic harm as a result of the offense.
* * *
 (6) The offender's relationship with the victim facilitated the offense.
R.C. 2929.12(B).
The trial court has the discretion to determine after considering the factors set forth in R.C. 2929.12, what type of sentence would best serve the purposes and principles of sentencing described in R.C. 2929.11.Id. Further, the Ohio Supreme Court has held that the trial court need not use specific language on the record to demonstrate the required consideration of the applicable seriousness and recidivism factors in R.C. 2929.12. State v. Arnett (2000), 88 Ohio St.3d 208, 215.
In the instant action, the trial court determined that none of the eight factors listed under R.C. 2929.13(B)(1) applied. Also, the trial court did not at the sentencing hearing state that it considered any of the factors listed in R.C. 2929.12. However, in the written judgment sentencing Appellant, the trial court stated that it had "balanced the seriousness and recidivism factors" listed in R.C. 2929.12 and determined that a community control sentence was inconsistent with the purposes and principles of sentencing. Although the trial court did not elaborate on its balancing of these factors, we will presume that the trial court considered the R.C. 2929.12 factors, which supported the imposition of a prison sentence. Specifically, the trial court likely considered that the victim suffered severe economic harm, necessitating over $13,000 in restitution, which is a R.C. 2929.12(B)(2) factor indicating Appellant's conduct was more serious than the offense normally. Additionally, the trial court's prison sentence was supported by R.C. 2929.12(B)(6) in that Appellant abused her relationship as a live-in companion with an elderly, ill woman to commit her crime, using the aged woman's credit card as her own. Therefore, the trial court did not abuse its discretion in sentencing the Appellant to a prison term when it stated it considered the R.C. 2929.12 factors and these factors support the imposition of a prison sentence. The Appellant's first assignment of error is without merit and therefore overruled.
Appellant's second assignment of error:
In Appellant's second assignment of error, Appellant argues that the trial court erred and abused its discretion by failing to provide its reasons for its findings, which justified sentencing Appellant to more than the minimum sentence. We disagree.
R.C. 2929.14(B) states that if a trial court imposes a sentence upon an offender and the offender has not previously served a prison term, "the court shall impose the shortest prison term authorized for the offense * * * unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime." The Ohio Supreme Court has held that the trial court need not give its reasons under R.C.2929.14(B) for failing to impose the minimum sentence as long as it makes the statutorily required findings. State v. Edmonson (1999),86 Ohio St.3d 324.
Here, the trial court stated that the sentence it imposed was "necessary to protect the public from future crime" and that the harm from the Appellant's criminal acts was so great that a single prison term would not "adequately reflect the seriousness of the [Appellant's] conduct." (Tr. 4-5). Since R.C. 2929.14(B) does not require the court to give its reasons for its findings, these statements met the statutory requirements found in R.C. 2929.14(B), justifying the denial of the minimum sentence for the Appellant. Additionally, we see no abuse of discretion in the trial court's imposition of more than the minimum sentence due to its finding of a likelihood of recidivism, which was supported by the seriousness and multiplicity of Appellant's criminal offenses. The Appellant's second assignment of error is without merit and therefore overruled.
Appellant's third assignment of error:
Next, Appellant argues that the prison sentence imposed by the trial court containing consecutive sentences was contrary to law and an abuse of discretion. We agree., Appellant argues that the trial court erred by providing no findings of fact or reasons to explain the court's conclusions in its determination to order consecutive sentences. Also, the trial court failed to provide any reasons for imposing consecutive sentences which in the aggregate exceed the maximum sentence that could have been imposed for the offense of the highest degree of which the defendant was convicted. The Ohio Supreme Court has acknowledged that "some statutes require the sentencing judge to state both the findings and the reasons for those findings on the record." Arnett, supra.; see also Edmonson, supra. R.C. 2929.19(B)(2) provides:
 The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances: * * * (c) If it imposes consecutive sentences under section 2929.14 of the Revised Code, its reasons for imposing the consecutive sentences; * * * (e) If the sentence is for two or more offenses arising out of a single incident and it imposes a prison term for those offenses that is the maximum prison term allowed for the offense of the highest degree by division (A) of section 2929.14
of the Revised Code, its reasons for imposing the maximum prison term.
 R.C. 2929.19(B)(2) (emphasis added). Moreover, this Court in State v. Lopez held that:
 [A] trial court must put on the record its reasons for making the requisite statutory findings whenever it imposes a sentence, pursuant to R.C. 2929.19(B)(2)(e), that equals or exceeds the maximum sentence that could have been imposed for the offense of the highest degree of which the defendant is convicted.
 State v. Lopez (Oct. 13, 2000), Greene App. No. 99-CA-120, unreported (remanding a case for re-sentencing where the judge did not state his reasons for his findings which led him to impose a total consecutive sentence greater than the maximum sentence for the offense of the highest degree of which the defendant was convicted). In Lopez, the trial court judge made findings in the words of the statute which were the findings prescribed by R.C. 2929.14(C) and (E)(4), but gave no reasons for these findings. Id.
The instant case involves the same trial court judge as in Lopez and the trial court's findings were nearly verbatim of its findings inLopez, findings which are prescribed by the statute and recited in the words of the statute. The only significant difference is the following statement made by the judge in relation to the Appellant's history of criminal conduct, "I mean, there are ten counts that the Defendant pled guilty to and some of the counts were dismissed, a bunch of the counts were dismissed. The Defendant poses the greatest likelihood of recidivism based upon all of the counts that are involved in this case." (Tr. 5). The State argues that this statement is sufficient reasoning for the judge's findings in the instant case and distinguishes it from Lopez.
In its decision, the trial court made the statutory findings that "no single prison term for any of the offenses committed as part of a single course of conduct adequately reflect the seriousness of the Defendant's conduct," "[t]hat consecutive sentences are necessary to protect the public from future crime or to punish the Defendant and not disproportionate to the seriousness of the Defendant's conduct and the danger the Defendant poses to the public," and that "Defendant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the Defendant." (Tr. 4-5). The two sentences uttered by the judge are simply insufficient to be offered as the reasons for all of the trial court's findings. Even if the trial court gave sufficient reasoning for its finding of a likelihood of recidivism, the trial court offered no reasoning for its other statutory findings, which were necessary for imposing consecutive sentences under R.C. 2929.14(E)(4). Therefore, we find that the trial court was required to state on the record its reasons for the statutorily required findings it made, but failed to do so. Thus, Appellant's third assignment of error is sustained and this case is reversed and remanded for re-sentencing.
Appellant's fourth assignment of error:
Finally, Appellant argues that the trial court judge abused its discretion in not explaining how he calculated the amount of restitution and possibly basing part of this restitution figure on dismissed charges. We agree that the trial court needed to explain the basis for its calculation of restitution.
R.C. 2929.18 authorizes a trial court at the time of sentencing to order the offender to pay restitution to the victim of his crime in an amount based on the victim's economic loss. R.C. 2929.18(A)(1). This Court held in Sutherland that a trial court does not have the authority to force a Defendant to pay restitution on damages which did not result from the criminal acts to which the Defendant pled guilty. Sutherland,supra (reversing a trial court ordering the defendant to pay restitution for an arson at a church when he was neither charged nor convicted of that arson). Further, Sutherland's no contest petition in which he pled no contest to all of the charges against him only stated that he may also be required to pay restitution on the offenses and did not make any reference to restitution for other crimes for which he was not charged.Id. Additionally, the Ohio Supreme Court has held that an order of restitution must be supported by competent, credible evidence in the record. State v. Warner (1990), 55 Ohio St.3d 31. A trial court ordering restitution is "limited to the actual damage or loss caused by the offense of which the defendant is convicted," and thus before the trial court can order restitution, the amount claimed must be demonstrated to a reasonable degree of certainty. State v. Williams
(1986), 34 Ohio App.3d 33.
In the instant action, Appellant argues that the trial court abused its discretion in ordering restitution on all twenty charges, since ten of the charges were dismissed as part of the plea. However, in Appellant's Petition to Enter a Plea of Guilty, paragraph nineteen provides: "I understand that there is an underlying agreement upon which this plea is based and it is as follows: * * * the Defendant agrees to pay restitution on all twenty counts and to pay $4000.00 by the time of disposition." Thus, the instant case is distinguishable from Sutherland because Appellant was charged with the counts for which she was ordered to pay restitution and, significantly, she agreed as part of her plea agreement to pay restitution on all twenty charges. Therefore, we find no error on the part of the trial court in ordering restitution on all twenty counts since Appellant agreed to this as a part of her plea.
Additionally, Appellant argues that the trial court abused its discretion in calculating the $13,862.10 in restitution. The judgment entry is vague in that it offers no basis for the over $13,000 of restitution. Further, the Bill of Information admitted as defense exhibit A at the plea hearing lists amounts totaling less than $5,000. Thus, this Court is unable to determine how the $13,862.10 figure was calculated based on the evidence. Additionally, Appellant asserts that the trial court's judgment entry is unclear as to how to treat the $4,000 of restitution Appellant has already paid. In its ambiguous entry, the trial court does not state whether the $13,862.10 is in addition to the $4,000 or if the $4,000 should be deducted from the $13,862.10 figure. Therefore, the Appellant's fourth assignment of error is sustained and the trial court's order is remanded for an explanation of the calculation of the restitution figure, including whether or not the $4,000 Appellant has paid is credited against the total amount of restitution ordered.
The judgment of the trial court is affirmed in part, reversed in part, and remanded for re-sentencing. Costs are to be shared equally between the two parties.
 ______________________ FREDERICK N. YOUNG, J.
WOLFF, P.J., and BROGAN, J., concur.