OPINION
{¶ 1} Defendant-Appellant Raymond Whiting appeals his convictions for five counts of forgery and his sentence. For the following reasons we will affirm Whiting's convictions, but we will reverse the trial court's order of restitution in an amount greater than the actual loss, and we will direct that a new order of restitution be issued.
 {¶ 2} Whiting befriended his victim, Michael Simak, when the two were students at Sinclair Community College in 2001. In January 2002 Simak found in his apartment a copy of a check drawn on his own account. The check was made out to Whiting, but Simak neither wrote nor signed the check. Simak confronted Whiting, who denied any knowledge of the check. Nevertheless, Whiting agreed to repay Simak and, in fact, gave Simak $40.
 {¶ 3} Simak contacted his bank and requested an investigation of his account. He also filed a police report. The bank discovered five checks made out to Whiting and drawn on Simak's account. However, Simak had written none of the checks, nor had he given anyone else permission to do so. As a result of the five checks, a total of $1,060 was stolen from Whiting's account. The bank obtained surveillance videos of Whiting cashing the forged checks, from which the police printed several photographs. The bank reimbursed Simak for $1,020, none of which the bank was repaid.
 {¶ 4} On April 28, 2003 Whiting was indicted on five counts of forgery. At trial a jury found Whiting guilty as charged. The trial court sentenced Whiting to consecutive eleven-month sentences for each count and ordered him to pay $1,060 in restitution to the bank. Whiting filed a timely notice of appeal.
 {¶ 5} Whiting's first assignment of error:
 {¶ 6} "The trial court abused its discretion through ordering restitution in an amount in excess of the actual loss or damage caused by the offense for which appellant was convicted."
 {¶ 7} An appellate court's review of the amount of restitution ordered by a trial court is governed by an abuse of discretion standard. State v. Williams (1986),34 Ohio App.3d 33, 35, 516 N.E.2d 1270. "Generally, the right to order restitution is limited to the actual loss or damage caused by the offense for which the defendant is convicted." Id. at 34.
 {¶ 8} At trial it was established that $1,060 was stolen from Simak's bank account as a result of Whiting's forging five checks. Simak acknowledged that Whiting had repaid him $40 and that the bank reimbursed him for the remaining $1,020. Thus, Simak was made whole. However, the bank had lost the $1,020 that it had reimbursed to Simak. Accordingly, the trial court should have ordered Whiting to pay $1,020 in restitution to the bank, not $1,060.
 {¶ 9} Therefore, Whiting's first assignment of error is sustained.
 {¶ 10} Whiting's second assignment of error:
 {¶ 11} "The trial court erred through addressing an improper factor in determining appellant's sentence."
 {¶ 12} In his second assignment of error, Whiting argues that the trial court erred in considering the fact that he was on parole for a prior crime at the time of his sentencing hearing for his forgery convictions because, if not for a paperwork error, he would no longer have been on parole. However, while Whiting did make such a claim to the trial court, the record refutes the veracity of his claim.
 {¶ 13} Whiting's pre-sentence investigation report indicates that he was under the supervision of the Ohio Adult Parole Authority at the time of his sentencing hearing. Moreover, his parole officer advised that after the instant case was resolved, he was going to recommend that Whiting's parole be revoked and that he be returned to the institution. Therefore, the report supports the trial court's finding that Whiting was on parole at the time of his sentencing for his forgery convictions, and his sentence was not otherwise contrary to law. See, e.g., R.C. §2953.08(G)(2). Accordingly, Whiting's second assignment of error fails.
 {¶ 14} Whiting's third assignment of error:
 {¶ 15} "Appellant was deprived of due process and a fair trial through the improper admission of certain evidence."
 {¶ 16} In his third assignment of error, Whiting claims that the trial court erred in admitting into evidence seven photographs printed from the bank's surveillance videotapes. In support Whiting presents three related arguments, none of which we find convincing, particularly in light of the fact that Whiting failed to object to the admission of the evidence at trial. Accordingly, we cannot conclude that the trial court abused its discretion in admitting the photographs into evidence.
 {¶ 17} Because Whiting did not object at trial to the admissibility of these exhibits, he has waived all but plain error. See, e.g., State v. Goff (1998), 82 Ohio St.3d 123, 134,694 N.E.2d 916. An alleged error does not rise to the level of plain error unless, but for the error, the outcome of the trial clearly would have been different. State v. Long (1978),53 Ohio St.2d 91, 372 N.E.2d 804, paragraph two of the syllabus.
 {¶ 18} Much of Whiting's argument relies on his claim that the State failed to properly establish a chain of custody for the videotapes and resulting photographs. However, his reasoning ignores the fact that the reliability of chain of custody testimony goes to the weight of the evidence, not its admissibility. State v. Franklin, 97 Ohio St.3d 1, 11,2002-Ohio-5304, ¶ 43, citing State v. Keene (1998),81 Ohio St.3d 646, 662, 693 N.E.2d 246.
 {¶ 19} Similarly, Whiting insists that the State failed to properly authenticate the videotape. However, Jill Brown, a bank investigator explained the internal reports that showed the date and time that each check is cashed; the amount of the check; which branch it was cashed at and by which teller. She used that information to request surveillance video from the appropriate branch. She explained how she knew that she had the tape of the correct branch for the correct date and time. This evidence was sufficient to authenticate the tape.
 {¶ 20} Finally, Whiting alleges that two of the photos, State's exhibits 5 and 6, should not have been admitted because Simak was unable to make a positive identification from them. When Simak could not positively identify Whiting from the two exhibits at trial, he explained that the original photographs in Detective Forney's possession were much clearer. The State then offered the originals as State's Exhibits 5A and 6A. Accordingly, Whiting's argument goes to the weight of the evidence, rather than its admissibility.
 {¶ 21} Even if there had been error in the admission of State's Exhibits 5 and 6, such error does not rise to the level of plain error. Accordingly, Whiting's third assignment of error is overruled.
 {¶ 22} Whiting's fourth assignment of error:
 {¶ 23} "Appellant was deprived of his constitutionally guaranteed right to effective assistance of counsel."
 {¶ 24} Here Whiting insists that he was denied the effective assistance of counsel for three alternative reasons. However, a review of the record illustrates that Whiting was not denied his constitutional right to the effective assistance of trial counsel.
 {¶ 25} In order to prevail on a claim of ineffective assistance of counsel, the defendant must show both deficient performance and resulting prejudice. Strickland v. Washington
(1984), 466 U.S. 668, 104 S.Ct. 2052. To show deficiency, the defendant must show that counsel's representation fell below an objective standard of reasonableness. Id. Trial counsel is entitled to a strong presumption that his conduct falls within the wide range of effective assistance. Id. The adequacy of counsel's performance must be viewed in light of all of the circumstances surrounding the trial court proceedings. Id. Hindsight may not be allowed to distort the assessment of what was reasonable in light of counsel's perspective at the time.State v. Cook (1992), 65 Ohio St.3d 516, 524, 605 N.E.2d 70.
 {¶ 26} Even assuming that counsel's performance was ineffective, the defendant must still show that the error had an effect on the judgment. State v. Bradley (1989),42 Ohio St.3d 136, 142, 538 N.E.2d 373. Reversal is warranted only where the defendant demonstrates that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Id.
 {¶ 27} Whiting first claims that counsel was ineffective for failing to object to the admission of State's Exhibits 5 and 6. However, as discussed in response to Whiting's third assignment of error, even if those exhibits were inadmissible, the same evidence was properly before the jury in State's Exhibits 5A and 6A. Thus, counsel's decision not to object does not amount to ineffective assistance.
 {¶ 28} Whiting next argues that counsel was ineffective for failing to object to three allegedly non-responsive answers by Simak to questions from the State. Generally, only the party questioning a witness may object to the witness' answer as being unresponsive. Baldwin's Ohio Practice Rules of Evidence Handbook (Giannelli-Snyder Ed. 2003), at 789. Therefore, Whiting's counsel's failure to object to Simak's allegedly non-responsive answers to the prosecutor's questions is not indicative of deficient performance.
 {¶ 29} Finally, Whiting insists that counsel was ineffective for failing to object to a single leading question. The question about which he now complains was as follows: "Was this — in relationship to * * * when you helped [Whiting] move, was this during that period or a couple of weeks after; when did that happen that you saw this check with his name on it?" A trial court has the broad discretion to allow an attorney to ask leading questions of his own witness. State v. Miller (1988),44 Ohio App.3d 42, 45, 541 N.E.2d 105.
https://web2.westlaw.com/find/default.wl?DB=578SerialNum=1989109939FindType=YAP=RS=WLW4.08VR=2.0FN=_topSV=SplitMT=Ohio
It may have been a matter of strategy to choose not to object because if the objection had been sustained, the question would have been rephrased and answered again in the same way, which would have only drawn further attention to the testimony. Whatever counsel's reasoning, there is no reasonable likelihood that the outcome of Whiting's trial would have been different if his counsel had objected to a single leading question. Therefore, we cannot say that counsel was ineffective for not objecting. See, e.g., State v. Moore, Montgomery App. No. 20005, 2004-Ohio-3398, ¶ 44.
 {¶ 30} Accordingly, Whiting's fourth assignment of error fails.
 {¶ 31} Whiting's fifth assignment of error:
 {¶ 32} "Appellant's convictions were not sustained by sufficient evidence nor the manifest weight of the evidence."
 {¶ 33} In his fifth assignment of error, Whiting purports to contest both the weight and sufficiency of the evidence. As we discussed at length in State v. Hufnagel (Sept. 6, 1996), Montgomery App. No. 15563, two distinct standards apply to manifest weight and sufficiency of the evidence claims. A review of the single paragraph in support of his assignment of error reveals that Whiting challenges the credibility of the State's evidence. Accordingly, we shall address his argument as a claim that his convictions are against the manifest weight of the evidence.
 {¶ 34} When reviewing a judgment under a manifest weight standard of review "[t]he court reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [factfinder] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which evidence weighs heavily against the conviction." State v. Thompkins, 78 Ohio St.3d 380, 387,1997-Ohio-52, quoting State v. Martin (1983),20 Ohio App.3d 172, 175, 485 N.E.2d 717.
 {¶ 35} Whiting was convicted of five counts of forgery in violation of R.C. § 2913.31(A)(3), which simply states that "[n]o person, with purpose to defraud, * * *, shall utter * * * any writing that the person knows to have been forged." Here, the evidence shows that five checks were cashed on Simak's account with neither his knowledge nor his permission. Despite the fact that the checks were made out to Whiting, he continues to claim that he was not the culprit.
 {¶ 36} The jury also saw photos taken from bank surveillance tapes taken at the branch where the checks were cashed at the time that they were cashed and depicting the person cashing the checks. Simak positively identified Whiting, whom he had known for several months, in the photos. Additionally, the jury heard testimony that Whiting offered to repay Simak the stolen money and that Whiting actually repaid $40 immediately after Simak confronted him. From this evidence, the jury could reasonably conclude that Whiting was the one who forged and cashed the checks.
 {¶ 37} We cannot say that it is patently apparent that the factfinder clearly lost its way or that there was a manifest miscarriage of justice. Accordingly, Whiting's forgery convictions were not against the manifest weight of the evidence, and we will not disturb the jury's verdict. Whiting's fifth assignment of error is without merit and is overruled.
 {¶ 38} Whiting's sixth assignment of error:
 {¶ 39} "The cumulative effect of the errors occurring at trial deprived appellant of a fair trial."
 {¶ 40} Having overruled five of Whiting's six assignments of error, we cannot conclude that there was any cumulative error. Nor was Whiting denied his constitutional right to a fair trial. Whiting's sixth assignment of error is overruled.
 {¶ 41} The judgment of the trial court is affirmed in part, reversed in part, and the case is remanded with the trial court directed to enter the proper order of restitution.
Brogan, J. and Grady, J., concur.