{¶ 41} While concurring in the majority's disposition of the second and third assignments of error, I respectfully dissent regarding the first assignment of error.
 {¶ 42} This court reviews an order of restitution for abuse of discretion. State v. Berman (Mar. 21, 2002), 8th Dist. No. 79542, 2002-Ohio-1277, 2002 Ohio App. LEXIS 1264, at *2.
 {¶ 43} R.C. 2929.18(A)(1) allows a sentencing court to impose "restitution by the offender to the victim of the offender's crime * * * in an amount based on the victim's economic loss."
 {¶ 44} "`Economic loss' means any economic detriment suffered by a victim as a direct and proximate result of the commission of an offense and includes any loss of income due to lost time at work * * * and any property loss * * * incurred as a result of the commission of the offense. `Economic loss' does not include non-economic loss or any punitive or exemplary damages." R.C.2929.01(M).
 {¶ 45} When a defendant is ordered to pay restitution, "there must be a due process ascertainment that the amount of restitution bears a reasonable relationship to the loss suffered." State v. Williams (1986), 34 Ohio App.3d 33, 34
(decided under former analogous section). An order of restitution, therefore, "is limited to the actual damage or loss caused by the offense of which the defendant is convicted." Id. "[W]here evidence of actual losses is not forthcoming from those claiming restitution the trial court abuses its discretion in ordering restitution." State v. Marbury (1995),104 Ohio App.3d 179, 181, citing State v. Hansen (Mar. 22, 1990), 8th Dist. No. 56778, 1990 Ohio App. LEXIS 1071, at *5.
 {¶ 46} In Williams, the Second District found the trial court abused its discretion in ordering restitution based on a victim impact statement lacking itemization of the alleged losses. Id. at 34-35. In Hansen, the Eighth District found an abuse of discretion when the trial court ordered restitution based on a taped telephone conversation between the victims and defendant, but no documentary evidence of the alleged losses was introduced. Id. at *5.
 {¶ 47} Similarly, in this case, there is simply insufficient evidence to determine whether the restitution ordered by the trial court bears a reasonable relationship to the victim's actual loss. The victim presented no documentary evidence that she had $50,000 in her lockbox. She admitted that she did not report the alleged initial loss of some $40,000 to the police for a month, until the lockbox itself allegedly disappeared. The defendant only admitted stealing $8,000; and, she only deposited some $14,266.87 into her bank account.
 {¶ 48} It is traumatic to be victimized by crime; all due deference should be accorded to those who are. Nevertheless, an order of restitution implicates a defendant's due process rights, which this court is bound to vindicate. Some type of independently verifiable evidence is demanded by due process in these cases, to assure a reasonable relationship between the actual loss suffered, and the restitution ordered.
 {¶ 49} I respectfully dissent from the disposition of the first assignment of error, while concurring in the others.