OPINION *Page 2 
{¶ 1} Defendant-appellant Paulette Hoskinson appeals from the August 6, 2007, Judgment Entry of the Tuscarawas County Court of Common Pleas. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On January 18, 2006, the Tuscarawas County Grand Jury indicted appellant on one count of tampering with evidence in violation of R.C. 2921.12(A)(2), a felony of the third degree, three counts of falsification in violation of R.C. 2921.13(A)(1), (A)(2) and (A)(3), misdemeanors of the first degree, and one count of criminal damaging in violation of R.C. 2909.06(A)(1), a misdemeanor of the second degree. With respect to the charge of criminal damaging, the indictment alleged that appellant had damaged a motor vehicle owned by David Jones, Jr. At her arraignment on March 10, 2006, appellant entered a plea of not guilty to the charges contained in the indictment.
 {¶ 3} Subsequently, on August 14, 2006, appellant entered a plea of guilty to one count of criminal damaging. The remaining counts were dismissed. Pursuant to a Judgment Entry filed on September 25, 2006, appellant was sentenced to ninety (90) days in jail. Appellant's sentence was suspended, and appellant was placed on probation for a period of two (2) years under specified terms and conditions. As part of her probation, appellant was ordered to pay restitution in the amount of $3,043.77 to David Jones, Jr. "subject to modification." The amount of restitution was based upon an estimate submitted to the trial court by appellee at the sentencing hearing on September 22, 2006. The trial court, in its September 25, 2006, Judgment Entry, further stated, in relevant part, as follows: *Page 3 
 {¶ 4} "It is ORDERED that the State of Ohio shall obtain a second estimate relating to damage to the victim's vehicle. The State shall file a notice as regards said estimate with the Court and serve the Defendant on or before November 17, 2006. The Defendant shall also be entitled to obtain an additional estimate if there is a dispute to the estimate provided by the State.
 {¶ 5} "It is ORDERED that this matter shall come before the Court for non-oral review on Monday, November 27, 2006, unless an oral hearing is requested by either party."
 {¶ 6} On November 17, 2006, appellee filed a "Notice to the Court" that included a written estimate from Paul's Body Shop. The estimate to repair the victim's motor vehicle was $4,622.10. Appellant, on November 27, 2006, filed a motion requesting an extension of time to obtain her own estimate for the repair of the motor vehicle. Appellant, in her motion, indicated that she had sent a letter to the Prosecuting Attorney on November 13, 2006, asking for dates that the vehicle could be inspected at a body shop located in Canton, Ohio, which is in Stark County, and that the Prosecuting Attorney had not responded to her letter, a copy of which was attached to appellant's motion. Appellee, in a November 28, 2006, letter to appellant, which was filed with the trial court on November 30, 2006, indicated that there was no agreement to take the car out of Tuscarawas County for an additional estimate at the victim's expense, but stated that it was forwarding the information to the victim for his review. Appellee, in such letter, suggested that appellant obtain an estimate from a Tuscarawas County body shop. *Page 4 
 {¶ 7} As memorialized in a Judgment Entry filed on January 29, 2007, the trial court ordered appellee to cooperate with appellant in obtaining an estimate from the body shop of appellant's choice. The trial court also ordered that such estimate be obtained within thirty (30) days of the date of the Judgment Entry and that appellant "shall file a motion within forty-five (45) days of the date of this Judgment Entry if [she] wishes to challenge the existing restitution order."
 {¶ 8} Thereafter, on March 23, 2007, appellee filed a motion requesting that the trial court order restitution in the amount of $4,622.10, which was the amount listed in the estimate from Paul's Body Shop. Appellee, in its motion, indicated that appellant had failed to have the subject vehicle, which was then inoperable, inspected at the victim's home in Wadsworth, Ohio and had demanded that the same be towed to Canton, Ohio for inspection at the victim's expense. Appellee indicated that the victim was unemployed and did not have the funds to have the vehicle towed or transferred to Canton, Ohio. In a response filed on March 26, 2007, appellant asked that no restitution be ordered. Appellant, in her response, indicated that, she had sent the victim a letter asking that the motor vehicle be taken to a body shop in Canton, Ohio for inspection on January 31, 2007, and that the "victim" never showed. Appellant argued, in her motion that the victim had failed to cooperate with her. Appellant did not attach a copy of the letter to her response.
 {¶ 9} A hearing was held before the trial court on April 30, 2007. Via a Judgment Entry filed on August 6, 2007, the trial court ordered that the "restitution originally ordered in this case in the amount of $3,043.77 shall remain the order of restitution and shall no longer be subject to modification. . ." *Page 5 
 {¶ 10} Appellant now raises the following assignment of error on appeal:
 {¶ 11} "THE JUDGE ERRED IN ORDERING RESTITUTION WHEN THE VICTIM WOULD NOT COOPERATE IN OBTAINING AN ESTIMATE."
 I {¶ 12} Appellant, in her sole assignment of error, argues that the trial court erred in ordering restitution when the victim, David Jones, Jr., would not cooperate in obtaining an estimate. We disagree.
 {¶ 13} R.C. 2929.18(A)(1) grants a trial court authority to order restitution by an offender to a victim in an amount commensurate with the victim's economic loss. "A sentence of restitution must be limited to the actual economic loss caused by the illegal conduct for which the defendant was convicted." State v. Banks, Montgomery County App. No. 20711, 2005-Ohio-4488, at paragraph five. A trial court abuses its discretion when it orders restitution in an amount, which has not been determined to bear a reasonable relationship to the actual loss suffered as a result of the offense for which the defendant was convicted.State v. Williams (1986), 34 Ohio App.3d 33, 34, 516 N.E.2d 1270.
 {¶ 14} A trial court may determine the amount of restitution by reviewing the record, or if the evidence in the record is insufficient, the court must conduct an evidentiary hearing. See, e.g., State v.Montes (1993), 92 Ohio App.3d 539, 636 N.E.2d 378, (victim testified as to value of stolen vehicle during trial). See also, State v.Brumback (1996), 109 Ohio App.3d 65, 83, 671 N.E.2d 1064. Furthermore, the amount of restitution must be established to a reasonable degree of certainty through *Page 6 
competent, credible evidence. State v. Williams (1986),34 Ohio App.3d 33, 34, 516 N.E.2d 1270.
 {¶ 15} This Court reviews the trial court's award of restitution under an abuse of discretion standard. State v. Myers, Wayne App. No. 06CA0003, 2006-Ohio-5958, at paragraph twelve. Under this standard, a trial court abuses its discretion by "ordering restitution in an amount which had not been determined to bear a reasonable relationship to the actual losses suffered." Williams, 34 Ohio App.3d at 35.
 {¶ 16} In the case sub judice, we find that the trial court did not err in ordering restitution because the trial court's decision was not arbitrary, unconscionable or unreasonable. At the September 22, 2006, sentencing hearing in this matter, appellee provided the trial court with an estimate from Troy's Body Shop in the amount of $3,043.77. At the hearing, appellee indicated that it was going to obtain a second estimate from Paul's Body Shop after appellant voiced concerns that a friend of the victim may have prepared the estimate. Appellee indicated that, if this second estimate was higher, it would ask for the higher amount. Appellee then obtained a second estimate on November 16, 2006. This estimate was in the amount of $4,622.10.
 {¶ 17} The trial court, in its January 29, 2007, Judgment Entry, ordered appellant to file a motion within forty-five (45) days of the date of the Judgment Entry if appellant wished to challenge the existing restitution order in the amount of $3,043.77. Appellant, however, did not do so and failed to file anything within such time frame. Based upon the two estimates before it, the trial court, pursuant to a Judgment Entry filed on August 6, 2007, ordered restitution in the amount of $3,043.77, which is the lower of the two estimates. *Page 7 
 {¶ 18} While appellant attaches numerous letters to her brief that were allegedly sent to the Assistant Prosecuting Attorney and/or victim regarding obtaining an estimate, as noted by appellee, such letters were never marked as exhibits or introduced into evidence. Finally, while appellant contends that the victim did not cooperate with her in obtaining an estimate, we note that the trial court ordered appellee, not the victim, to cooperate in obtaining an estimate.
 {¶ 19} Based on the foregoing, we find that the trial court did not err in ordering appellant to pay $3,043.77 in restitution to the victim in this case.
 {¶ 20} Appellant's sole assignment of error is, therefore, overruled.
 {¶ 21} Accordingly, the judgment of the Tuscarawas County Court of Common Pleas is affirmed.
 By: Edwards, J., Hoffman, P.J. and Gwin, J. concur *Page 8 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Tuscarawas County Court of Common Pleas is affirmed. Costs assessed to appellant. *Page 1