[Cite as *State v. Rucker*, 2014-Ohio-3020.]

COURT OF APPEALS
PERRY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff - Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| | : | |
| -vs- | : | |
| | : | |
| JOHN A. RUCKER | : | Case No. 13-CA-00009 |
| | : | |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Perry County Court of Common Pleas, Case No. 02-CR-34

JUDGMENT:      Affirmed

DATE OF JUDGMENT:      June 30, 2014

APPEARANCES:

For Plaintiff-Appellee      For Defendant-Appellant

JOSEPH A. FLAUTT      JAMES S. SWEENEY
Prosecuting Attorney      James Sweeney Law, LLC
111 North High Street      341 South Third Street
P.O. Box 569      Suite 300
New Lexington, OH 43764      Columbus, OH 43215

*Baldwin, J.*

{¶1}    Defendant-appellant John Rucker appeals from the July 31, 2013 Judgment Entry of the Perry County Court of Common Pleas ordering him to pay restitution in the amount of $142,607.45. Plaintiff-appellee is the State of Ohio.

## STATEMENT OF THE FACTS AND CASE

{¶2}    On June 20, 2002, the Perry County Grand Jury indicted appellant on one count of aggravated theft in violation of R.C. 2913.02(A)(1), a felony of the third degree. A warrant was issued for appellant's arrest.

{¶3}    Subsequently, on January 8, 2013, appellant pleaded not guilty to the charge. On May 1, 2013, appellant withdrew his former not guilty plea and entered a plea of guilty to grand theft in violation of R.C. 2913.02(A)(1),  a felony of the fourth degree. A sentencing and restitution hearing was held on July 29, 2013. At the hearing, Greg Jeffries, a forensic account with the Ohio Attorney General's office Bureau of Criminal Investigation, testified.

{¶4}    Pursuant to a Judgment Entry filed on July 31, 2013, appellant was sentenced to eighteen (18) months in prison and ordered to pay restitution in the amount of $142,607.45 to New Lexington Aeries #2070/Fraternal Order of Eagles where appellant had served as Secretary.

{¶5}    Appellant now raises the following assignment of error on appeal:

{¶6}    THE TRIAL COURT ABUSED ITS DISCRETION IN ORDERING APPELLANT TO PAY RESTITUTION IN THE AMOUNT OF $142,607.45.

I

{¶7} Appellant, in his sole assignment of error, argues that the trial court abused its discretion in ordering him to pay restitution in the amount of $142,607.45. We disagree.

{¶8} R.C. 2929.18 governs financial sanctions. Subsection (A)(1) states the following:

{¶9} "(A) Except as otherwise provided in this division and in addition to imposing court costs pursuant to section 2947.23 of the Revised Code, the court imposing a sentence upon an offender for a felony may sentence the offender to any financial sanction or combination of financial sanctions authorized under this section or, in the circumstances specified in section 2929.32 of the Revised Code, may impose upon the offender a fine in accordance with that section. Financial sanctions that may be imposed pursuant to this section include, but are not limited to, the following:

{¶10} "(1) Restitution by the offender to the victim of the offender's crime or any survivor of the victim, in an amount based on the victim's economic loss. If the court imposes restitution, the court shall order that the restitution be made to the victim in open court, to the adult probation department that serves the county on behalf of the victim, to the clerk of courts, or to another agency designated by the court. If the court imposes restitution, at sentencing, the court shall determine the amount of restitution to be made by the offender. If the court imposes restitution, the court may base the amount of restitution it orders on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information, provided that the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a

direct and proximate result of the commission of the offense. If the court decides to impose restitution, the court shall hold a hearing on restitution if the offender, victim, or survivor disputes the amount. All restitution payments shall be credited against any recovery of economic loss in a civil action brought by the victim or any survivor of the victim against the offender."

{¶11} Economic loss is defined in R.C. 2929.01(L) as follows:

{¶12} "'Economic loss' means any economic detriment suffered by a victim as a direct and proximate result of the commission of an offense and includes any loss of income due to lost time at work because of any injury caused to the victim, and any property loss, medical cost, or funeral expense incurred as a result of the commission of the offense. 'Economic loss' does not include non-economic loss or any punitive or exemplary damages."

{¶13} The amount of restitution "must be supported by competent, credible evidence in the record from which the court can discern the amount of the restitution to a reasonable degree of certainty." *State v. Aliane,* 10th Dist. No. 03AP–840, 2004–Ohio–3730, ¶ 15. Restitution orders are reviewed under an abuse of discretion standard. *State v. Williams,* 34 Ohio App.3d 33, 519 N.E.2d 1270 (2nd Dist. Clark 1986). A trial court abuses its discretion if it orders restitution in an amount that does not bear a reasonable relationship to the actual loss suffered. *Williams,* syllabus. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶14} In the case sub judice, Greg Jeffries testified that he reviewed the record and report compiled by a previous investigator on appellant's case. He testified that he prepared a summary which he believed showed that that appellant had stolen from the New Lexington Eagles. The report was admitted into evidence as an exhibit.

{¶15} Jeffries testified that of the checks listed on the summary, $2,791.35 were payable to appellant for Secretary fees and $18,264.45 were payable to appellant for other than such fees. The exhibit also indicated that $124,343.00 were made payable to cash and that the total of all checks payable to appellant and cash was $145,398.80. After deducting the $2,791.35 in checks for Secretary fees, Jeffries determined that appellant had misappropriated $142,607.45.

{¶16} Jeffries testified that appellant was the payee on the series of checks for other than Secretary fees and that appellant would have endorsed those checks. He further testified that appellant endorsed the checks made out of cash and that appellant would have actually been the one who received the cash for those checks. When asked if, in his opinion, the amount of the misappropriated funds was $142,607.45, Jeffries responded in the affirmative.

{¶17} Appellant, in his brief, argues that during cross-examination, Jeffries admitted that at the time of the theft by appellant, work was being done on the Eagles lodge. Appellant also points out that Jeffries conceded that, with respect to the checks made out to cash, he did not know where the money went and there was no documentation. He further argues that Jeffries was unable to link checks made out to cash, with limited exceptions, to any deposit in appellant's account.

{¶18}    However, as noted by appellee, appellant never provided any explanation as to why he cashed the checks made payable to cash in the amount of $124,343.00 or what was done with such funds. Nor did appellant provide any explanation as to what happened to the funds from the checks in the total amount of $18,264.45 which were made payable to and cashed by appellant.

{¶19}    Based on the foregoing, we find that the trial court did not abuse its discretion in ordering appellant to pay restitution in the amount of $142,607.45. The trial court's decision was not arbitrary, unconscionable or unreasonable.

{¶20}    Appellant's sole assignment of error is, therefore, overruled.

{¶21}    Accordingly, the judgment of the Perry County Court of Common Pleas is affirmed.

By: Baldwin, J.

Hoffman, P.J. and

Wise, J. concur.