[Cite as *State v. Scott*, **2024-Ohio-712.**]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Andrew J. King, J. |
| -vs- | : | |
| | : | |
| JASON L. SCOTT | : | Case No. 23 CA 000016 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


| CHARACTER OF PROCEEDING: | Appeal from the Court of Common Pleas, Case No. 22 CR 213 |
| --- | --- |


JUDGMENT: Reversed


DATE OF JUDGMENT: February 27, 2024


APPEARANCES:

For Plaintiff-Appellee

JASON R. FARLEY
627 Wheeling Avenue
Cambridge, OH 43725

For Defendant-Appellant

PATRICK L. BROWN
439 North Market Street
Suite A
Wooster, OH 44691

*King, J.*

{¶ 1}　Defendant-Appellant, Jason L. Scott, appeals the June 1, 2023 judgment entry of the Court of Common Pleas of Guernsey County, Ohio, ordering him to pay restitution in the amount of $35,262.　Plaintiff-Appellee is the state of Ohio.　We reverse the trial court.

FACTS AND PROCEDURAL HISTORY

{¶ 2}　On December 6, 2022, the Guernsey County Grand Jury indicted Scott on one count of breaking and entering in violation of R.C. 2911.13 and one count of aggravated possession of drugs in violation of R.C. 2925.11.　Said charges arose from an incident on September 29, 2022, wherein police officers were dispatched to a property after receiving a call from the homeowner of at least three individuals trespassing into various garages/storage sheds on the property.　Police discovered Scott in one of the buildings; no other individuals were found.　Previous break-ins and thefts by others have occurred on this property.

{¶ 3}　On April 10, 2023, Scott pled guilty to the charges.　The trial court ordered a presentence investigation report and set a sentencing hearing for May 30, 2023.　During the sentencing hearing, the state requested restitution.　By judgment entry filed June 1, 2023, the trial court sentenced Scott to three years of community control and ordered him to pay $35,262 in restitution, noting damage to catalytic converters, vehicles, and miscellaneous tools and items.

{¶ 4}　Scott filed an appeal with the following assignment of error:

I

{¶ 5}   "THE TRIAL COURT ABUSED ITS DISCRETION IN ORDERING $35,262 IN RESTITUTION."

I

{¶ 6}   In his sole assignment of error, Scott claims the trial court abused its discretion in ordering him to pay $35,262 in restitution.  We agree.

{¶ 7}   We review restitution orders under an abuse of discretion standard.  *State v. Cook*, 5th Dist. Fairfield No. 16-CA-28, 2017-Ohio-1503, ¶ 8; *State v. Andrews,* 5th Dist. Delaware No. 15 CAA 12 0099, 2016-Ohio-7389, ¶ 40.  "Abuse of discretion" means an attitude that is unreasonable, arbitrary or unconscionable.  *Huffman v. Hair Surgeon, Inc.,* 19 Ohio St.3d 83, 87, 482 N.E.2d 1248 (1985).  Most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary.  *AAAA Enterprises, Inc. v. River Place Community Urban Redevelopment Corp.,* 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).  An unreasonable decision is one backed by no sound reasoning process which would support that decision. *Id.*  "It is not enough that the reviewing court, were it deciding the issue de novo, would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result."  *Id.*

{¶ 8}   "The amount of the restitution must be supported by competent, credible evidence from which the court can discern the amount of the restitution to a reasonable degree of certainty."  *State v. Gears,* 135 Ohio App.3d 297, 300, 733 N.E.2d 683 (1999). "Generally, the right to order restitution is limited to the actual damage or loss caused by the offense of which the defendant is convicted.  Implicit in this principle is that the amount

claimed must be established to a reasonable degree of certainty before restitution can be ordered." *State v. Williams,* 34 Ohio App.3d 33, 34, 516 N.E.2d 1270 (2d Dist.1986).

{¶ 9}   R.C. 2929.18(A)(1) permits a trial court to impose restitution "by the offender to the victim of the offender's criminal offense or the victim's estate in an amount based on the victim's economic loss" and the amount "shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense."  "Economic loss" is defined in R.C. 2929.01(L) and means:

> any economic detriment suffered by a victim as a direct and proximate result of the commission of an offense and includes any loss of income due to lost time at work because of any injury caused to the victim, and any property loss, medical cost, or funeral expense incurred as a result of the commission of the offense.  "Economic loss" does not include non-economic loss or any punitive or exemplary damages.

{¶ 10} During the sentencing hearing, the trial court entertained arguments on treatment in lieu of conviction and restitution.  As for restitution, defense counsel argued when Scott was found by the police officers, he was inside a garage/storage shed holding only a flashlight.  May 30, 2023 T. at 9.  No items were scattered about or set in a pile as if to steal them.  *Id.*  Although the victim provided a list of his losses, it is "a cumulative list of all items missing * * * involving all break-ins at the residence."  *Id.* at 14.  Nothing is "pigeonholed" to this incident.  *Id.*  Defense counsel went through all the items on the list

and noted Scott was not charged with any criminal damaging, any vandalism charges, or any theft charges. *Id.* at 15-17.

{¶ 11} In response to defense counsel's arguments, the prosecutor stated (*Id.* at 21):

There are many items on this list that the facts, as they are presented for these convictions, you cannot correlate the damage. For example, the first ten items are the missing catalytic converters for those different vehicles, the damage to the vehicles. There was - - there was no evidence from this investigation that those items were damaged, the vehicles were damaged because of the actions from Mr. Scott.

{¶ 12} The prosecutor informed the trial court the victim was requesting $35,036 in restitution and then stated the following (*Id.* at 24):

But as an officer of the court, I would have to agree with Attorney Cross as well as the details in the report that is attached to the presentence investigation, that there were no specific items that were located on Mr. Scott or in the vehicle, that there were items that were displaced on the property but those items were recovered, and I don't have any knowledge of any actual damage to the building that was entered into by Mr. Scott where law enforcement found him that day.

{¶ 13} The prosecutor could not confirm that Scott had previously been on the property. *Id.* at 24-25. Scott stated he had never been to the property before. *Id.* at 44.

{¶ 14} The trial court noted Scott was charged with breaking and entering occurring on September 29, 2022; he was "not charged with anything that occurred before that." *Id.* at 47. In ordering restitution, the trial court then stated the following (*Id.* at 64):

The Court finds that catalytic converter damage was $6,026; the damage to the three cars was $2,868; miscellaneous was 3,708; and the Dyno Flow sensor was 22,660 in the matter.

I don't have information that you were there on the day or two before this or four days before this, but those are the damages that arose that were found from this, so I find there is a causal connection between the two.

{¶ 15} The trial court did not explain the causal connection. The trial court then ordered Scott to pay $35,262 in restitution. *Id.*

{¶ 16} The presentence investigation report includes a handwritten list provided by the victim of items stolen or damaged. The victim spoke during the sentencing hearing and alleged Scott was also on his property on September 24, 2022, when many items were stolen. *Id.* at 27-32. The victim admitted, "[t]his list started on the 24th of September. All that stuff still existed." *Id.* at 33. The victim then stated, "[a]nd then on the 24th all this stuff is stolen." *Id.* at 35.

{¶ 17} From the victim's statements, it is unclear whether the items stolen or damaged on the list occurred on September 24th or the 29th, the day Scott was found to

be trespassing on the property; it seems the consequential date to the victim was the 24th. But as noted by the trial court, Scott was not charged with anything that occurred prior to September 29, 2022. He was not charged with theft, criminal damaging, or vandalism. No catalytic converters had been cut on the 29th, and no items on the list were found in Scott's possession. We find the items listed on the victim's restitution request have not been linked to the "actual damage or loss caused by the offense of which the defendant is convicted."

{¶ 18} Upon review, we find the trial court abused its discretion in ordering restitution because there is no evidence the economic loss suffered by the victim in this case is a direct and proximate result of offenses committed by Scott.

{¶ 19} The sole assignment of error is granted.

{¶ 20} The judgment of the Court of Common Pleas of Guernsey County, Ohio is hereby reversed, and the matter is remanded to said court to vacate the restitution order.

By King, J.

Hoffman, P.J. and

Baldwin, J. concur.